(No. 40568.— ▮▮▮▮▮▮▮▮▮)
THE PEOPLE *ex rel.* Darrell E. Starks, Petitioner, *vs.* MAX P. FRYE, Warden, Respondent.

*Opinion filed January 19, 1968.*

ELMER JENKINS, of Benton, appointed by the court, for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOSEPH W. HICKMAN, State's Attorney, of Benton, for respondent.

Mr. JUSTICE WARD delivered the opinion of the court:

The petitioner, Darrell E. Starks, received leave from this court to file an original petition for *habeas corpus* here pursuant to section 5 of article VI of the Illinois constitution. Ill. Const., art. VI, sec. 5.

The events leading to the petitioner's indictment and imprisonment are uncontroverted. On April 4, 1964, at approximately 4:00 A.M., petitioner while driving his auto north on Route 37 about 3 miles north of Benton, Illinois, drove across the center lane and collided head on with an automobile driven by Mrs. Ruby Teague. Accompanying Mrs. Teague were a daughter and five grandchildren. Mrs. Teague and a 10-year-old granddaughter were killed in the collision and two other children were seriously injured.

Subsequently, the grand jury of Franklin County returned two indictments against the petitioner charging him with involuntary manslaughter. One charged him with the involuntary manslaughter of Ruby M. Teague by driving a motor vehicle in a careless and reckless manner while intoxicated. The other charged him similarly with the involuntary manslaughter of the granddaughter. On the day set for the trial of the causes the petitioner withdrew his pleas of not guilty to the two indictments, and entered a

plea of guilty on the two indictments to charges of reckless homicide.

After receiving the pleas, the trial court sentenced the defendant to the penitentiary for not less than 2 years and not more than 5 years on each indictment, and the court specified that the sentence imposed on the second indictment was to run consecutively to the sentence given on the first charge.

The petitioner has completed his minimum term of imprisonment imposed under the first indictment and has received a discharge on that sentence. He now brings this petition for a writ of *habeas corpus* contending that his present detention under the sentence imposed in the second indictment is contrary to law, in that section 1—7(m) of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38, par. 1—7(m)) allows consecutive sentences only when the two or more offenses concerned have not resulted from the same conduct. The two charges of involuntary manslaughter here, he asserts, did arise out of the same conduct, *viz.*, his having driven his auto with criminal recklessness in colliding with that of Mrs. Teague, on the morning of April 4, 1964. Hence, the imposition of consecutive sentences by the trial court was error.

Section 1—7(m) of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38, par. 1—7(m)) provides that consecutive sentences may be imposed "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct * * *." The Committee Comments to section 1—7(m) make it clear that if the offenses resulted from the same conduct the defendant may not be given sentences for these offenses which are to run consecutively, and we have consistently so held. *People* v. *Ritchie,* 36 Ill.2d 392; *People* v. *Golson,* 32 Ill.2d 398; *People* v. *Duszkewycz,* 27 Ill.2d 257; *People* v. *Squires,* 27 Ill.2d 518; *People* v. *Schlenger,* 13 Ill.2d 63; see also Craven, "Sentencing" 1966 Ill. Law Forum, 523, 537.

Here the deaths of Ruby M. Teague and her grandchild resulted from the same conduct of the defendant and it was error for the trial court to have imposed sentences which were to run consecutively. See: *People* v. *Ritchie,* 36 Ill.2d 392; *People* v. *Golson,* 32 Ill.2d 398; and *People* v. *Duszkewycz,* 27 Ill.2d 257.

Here, the petitioner has now satisfied the sentence which was legally imposed and the State is in the posture of seeking what may be legally regarded as excessive punishment. (*Cf. People ex rel. Carlstrom* v. *Eller,* 323 Ill. 28, 30.) Therefore, the petitioner is entitled to discharge.

*Petitioner discharged.*