THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRIUS ELLINGTON, Defendant-Appellant.

(No. 71-118;

Fifth District—August 10, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The Circuit Court of St. Clair County accepted defendant's pleas of guilty to a four count indictment charging aggravated kidnapping and

commission of deviate sexual assault on each of two women, and armed robberies of the same individuals. He was sentenced to the penitentiary for concurrent terms of not less than 10 nor more than 25 years on each count. In this appeal he contends that the court improperly imposed separate sentences and that the allegations of multiple offenses improperly persuaded the court to impose repressive and excessive sentences.

Prior to accepting defendant's pleas the court informed him fully of all his constitutional rights. Attention was called to the fact that in accordance with a previously reached agreement the State would recommend concurrent sentences of 10 to 25 years on each of the four counts, but that such agreement was not binding on the court. On inquiry by the court defendant confirmed the fact that on December 22, 1970, in St. Clair County, he and another individual kidnapped two women at gun point from their place of employment, took them to a motel where defendant committed an act of deviate sexual assault on each of them, and thereafter took the car and purse of one and the purse and ring of the other. Prior to sentence defendant personally declined a hearing in mitigation.

Defendant now argues that kidnapping and robbing two women at the same time constituted only one offense and only one sentence should have been imposed, or, in the alternative, there were only two offenses, one of kidnapping and one of robbery, and only two sentences should have been imposed. In addition, he argues that separate sentences were impermissible on all four counts because the alleged offenses were the result of a single act or series of acts proximate in time and space and in intent of the defendant.

■■ We consider each of these propositions to be without merit. It has long been settled that it is the identity of the offense, and not the act, that prohibits two prosecutions. In *People v. Allen*, 368 Ill. 368, involving two involuntary manslaughter charges against one individual as a result of an automobile collision in which two people were killed, the court stated that where two or more persons are injured in their person, though it be by a single act, yet, since the consequences affect, separately, each person injured, there is a corresponding number of distinct offenses for which an accused may be indicted, tried and punished. In *Gavieres v. United States*, 220 U.S. 338, 55 L.Ed. 489, 31 S.Ct. 421, it is stated that offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. (See also *People v. Joyner*, 50 Ill.2d 302.) In *People v. Ciucci*, 8 Ill.2d 619, involving a man who was

charged with killing his wife and three children, the court held that where two or more persons are killed by a single criminal act there are as many separate and distinct offenses as there are persons injured by the unlawful act. Following this case the Illinois legislature recognized that the same conduct may establish the commission of more than one offense and that an accused may be prosecuted for each offense. But to prevent the fundamental unfairness of separate and repeated trials for the same illegal conduct merely for the purpose of seeking an increased penalty, the legislature also provided that if the several offenses are known at the time they must be prosecuted in a single prosecution unless justice would be better served by separate trials. Ill. Rev. Stat. ch. 38, sec. 3—3.

On the basis of these principles there can be no question that in the case before us four separate offenses were committed and admitted, *i.e.*, kidnapping and robbery of each of two women. We therefore find that the judgments were properly entered against defendant on all four counts of the indictment. The case of *People v. Golson*, 32 Ill.2d 398, cited by defendant, is not in point. In that case the two defendants had been previously tried and convicted of felony murder arising out of a robbery in which a co-conspirator shot and killed two men. In affirming the judgment in the first trial and reversing in the second the court's main thrust was against the fundamental unfairness of subjecting defendants to a second trial merely because of the State's dissatisfaction with the adequacy of punishment in the first. The court called attention to the fact that at the beginning of the first trial defendants' request for a consolidation was refused and that, in the second trial, the trial judge acknowledged that the trial was for the mere purpose of imposing a greater sentence. In reversing the second conviction the court stated, "[I]t is apparent that the State wishes to substitute its opinion of the adequacy of punishment for defendants' misconduct for that of the original jury. We feel that fundamental fairness to the accused can not permit a second trial in this case". It is true that in the course of the opinion the court did describe the acts of defendants as one punishable course of conduct. However, this comment was made merely in further substantiation of the unfairness of the second trial since the actual shootings were committed by a co-conspirator other than defendants and defendants' "misconduct" was limited to engaging in the robbery in which the murder or murders took place.

Defendant's second contention here is that imposition of separate sentences is not permissible where the offenses arise out of a series of acts proximate in time and space and the "intent of the defendant". We have decided this identical question and the cases cited by defendant

in another case heard at this same session. (*People v. Ike* (1972), 7 Ill.App.3d 75.) We there held that though robbery and attempted murder occurred by reason of a series of acts committed at the same place and within a short time that, nonetheless, they constituted two separate and distinct offenses requiring separate elements of proof and for which concurrent sentences were both constitutionally and statutorily permissible. We likewise found that defendant's intent was irrelevant under the circumstances. We find that the same reasoning and same principles apply to the case now before us. The two kidnappings and two robberies of each woman required different elements of proof and constituted separate and distinct offenses even though arising out of a series of closely related acts. We therefore find that the separate concurrent sentences imposed were permissible.

■■ Finally, defendant contends that the sentences were repressive and excessive because the court was improperly influenced and persuaded to impose them by the improper allegations of multiple offenses. The repressive argument has no merit in view of our finding that the crimes were separate and distinct and punishable separately. Considering the sentences themselves, we note that they were the result of plea negotiations, that they were made to run concurrently, and that defendant specifically declined to offer any matters in mitigation. Under these circumstances there is nothing in the record upon which to justify a reduction of sentence.

The judgments of the Circuit Court of St. Clair County are affirmed.

Judgments affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.