THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* A. J. WASHINGTON, Defendant-Appellant.

First District (3rd Division)   No. 76-915

Opinion filed September 14, 1977.

James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Renee G. Goldfarb, and Randolph T. Kemmer, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

After a jury trial in the Circuit Court of Cook County, the defendant, A. J. Washington, was found guilty of one count of unlawful use of weapons and two counts of aggravated battery. (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1, 12—4.) The jury was unable to reach a decision with respect to two additional counts charging attempt murder, and a mistrial was declared as to those counts. Judgment was entered on the verdict of the jury, and the court sentenced the defendant to concurrent terms of imprisonment: one to three years for unlawful use of weapons and three to nine years for aggravated battery. The defendant's appeal raises the single issue of whether the circuit court properly allowed convictions on each of two counts of aggravated battery arising out of a single shotgun blast which hit two police officers.

The State's evidence established that on the evening of November 16, 1974, Chicago police officers Kendzior and Shallbetter were stopped in their car by the defendant's wife and son, and informed that the defendant had fired a shotgun at his wife. The two officers obtained

additional assistance, Chicago police officers Fitzgerald and Harrison, and the four officers went to the defendant's apartment building.

Kendzior knocked on the upstairs apartment door three or four times, each time announcing his office. There was no response. Harrison then forced the door open and the men again announced that they were police officers. There being no answer from inside the dark apartment, Kendzior took one step through the door, closely followed by Fitzgerald and Shallbetter. A single shotgun blast was fired from within the apartment and all three officers were thrown to the floor. Kendzior and Fitzgerald were wounded by the blast, and this incident was the basis for the two counts of aggravated battery.

Shallbetter testified that after the blast he heard the shotgun being reloaded. The defendant then walked toward the doorway and pointed a sawed-off shotgun at the three officers on the floor. At that time Harrison, who had been waiting on the nearby staircase, fired four or five shots at the defendant. Harrison believed that he had wounded the defendant, who thereupon retreated into the apartment. Upon their re-entry, the officers found the defendant in a chair with the shotgun on his lap. When the defendant raised the gun three of the officers fired at him. The shotgun was taken into custody and found to be loaded and cocked.

Washington testified that he had taken the shotgun from his first-floor closet because the upstairs apartment, which was rented out, had been broken into twice that night. The gun accidently discharged as he was talking with his wife. After the wife left the building he took the shotgun to the upstairs apartment and there he fell asleep. The next things he remembered were noises outside the apartment and the breaking-in of the door. He said he saw two flashes of gun fire and had been shot once in the neck and once in the stomach before firing his weapon. The defendant could not recall reloading the shotgun.

The defendant contends that the court improperly allowed convictions on two counts of aggravated battery based upon the single act of firing the shotgun once and thereby wounding two of the police officers. He argues that where a person is charged with more than one crime arising from the same conduct, only one conviction is justified. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) In support of this argument Washington has cited the cases of *People ex rel. Starks v. Frye* (1968), 39 Ill. 2d 119, 233 N.E.2d 413; *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234, and *People v. Brown* (1973), 14 Ill. App. 3d 196, 302 N.E.2d 101.

In *Frye*, a habeas corpus proceeding, our supreme court held that consecutive sentences were improper where a defendant had pleaded guilty to two counts of reckless homicide based upon the deaths of two

persons as the result of a single automobile accident. The *Holtz* court, several years later, relied upon the *Frye* case and extended its scope to hold that only one conviction for involuntary manslaughter could be sustained where the defendant was responsible for two deaths in a single car accident. The facts of *People v. Brown* are more closely analogous to the present situation. In that case there were convictions and concurrent sentences entered upon two counts of aggravated assault upon police officers. The conduct of the *Brown* defendant consisted in a single gunshot in the direction of two policemen. Unlike the instant case, however, neither officer was shot or otherwise bodily injured by the defendant. Relying on *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, the appellate court concluded that the same conduct could not support sentencing on both counts of aggravated assault, and the sentence on one count was vacated. The judgment of conviction on both counts was not disturbed.

The decision in *People v. Potcher* (1975), 26 Ill. App. 3d 540, 325 N.E.2d 753, is also applicable. That case concerned multiple convictions upon a jury's verdict of guilty for the murder of one victim, the attempt murder of another, and two counts of aggravated battery. The trial court rendered sentence only on the murder conviction, indicating that all the charges arose from the same conduct, a single gunshot, and that multiple sentences were inappropriate. In view of the trial court's manifest intent not to sentence on the remaining convictions, the appellate court vacated those convictions for lack of final judgment. *People v. Lilly.*

These decisions would indicate that a single unlawful act injuring two or more persons must be treated as one offense. However, we have been unable to find any decision of the Illinois Supreme Court (including the recent case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838) which requires us to discount the value of human life and bodily integrity by ignoring the impact of the defendant's conduct upon one of his victims. Furthermore, the recent case of *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330, indicates an exception to the same conduct—one offense rule in circumstances involving multiple victims. See also, *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 367 N.E.2d 358; *People v. Mimms* (1976), 40 Ill. App. 3d 942, 353 N.E.2d 186.

In *Butler* the court considered the issue within the context of an armed robbery of two individuals by two offenders. Each offender exacted his toll from only one of the victims, their conduct occurring simultaneously. When the police arrived at the scene one of the robbers tried to escape and was shot and killed by one of the officers. The remaining defendant was tried, convicted and sentenced upon charges of two counts of armed robbery. The appellate court reversed under the same conduct—one offense rule (*People v. Butler* (1975), 31 Ill. App. 3d 433, 334 N.E.2d 831),

but, upon review, the supreme court held that the defendant had been properly convicted on two counts of armed robbery. See also *People v. Terry* (1976), 38 Ill. App. 3d 517, 347 N.E.2d 869.

It is our opinion, therefore, that Washington was properly convicted on two counts of aggravated battery. Accordingly, the judgment of conviction as to both counts of aggravated battery is affirmed.

Affirmed.

SIMON, P. J., and McNAMARA, J., concur.