(No. 48458.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. VINCENT LAMAR THOMAS, Appellee.

*Opinion filed September 20, 1977.*

William J. Scott, Attorney General, of Springfield, and Edward P. Drolet, State's Attorney, of Kankakee (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and James E. Hinterlong, Illinois State's

Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

No appearance by appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, Vincent Thomas, was convicted of five counts of armed robbery, each count charging the armed robbery of a different person, by a jury in the circuit court of Kankakee County and subsequently sentenced to a term of 10 to 20 years' imprisonment. The Appellate Court for the Third District affirmed the convictions on two counts, but remanded the cause to the trial court with directions to vacate the convictions and sentences on the remaining counts. (37 Ill. App. 3d 55.) We allowed the State's petition for leave to appeal.

For purposes of this appeal, the facts can be stated briefly. The defendant and another man robbed Allen Brannock, Jr., at gunpoint of his wallet and watch in the garage outside his father's home. They then entered the house while holding a gun on the victim, and one announced to the occupants, "This is a stickup." One of the robbers took the wallets of two men in the house, Mrs. Brannock's purse, the senior Mr. Brannock's pants (containing money) and several guns, after which the robbers fled. The appellate court held that the robbery of Allen was a separate offense from the robberies of those in the house, but that the latter constituted a single transaction upon which only one conviction and sentence could be sustained.

The question whether the five convictions and sentences are proper in the circumstances here was resolved by our recent opinion in *People v. Butler* (1976), 64 Ill. 2d 485, 489, where we upheld multiple convictions and sentences for the simultaneous robbery of two victims

standing within arm's length of each other. Furthermore, we have recently held that "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (*People v. King* (1977), 66 Ill. 2d 551, 566.) Those decisions are dispositive of the issue here. *People v. Prim* (1972), 53 Ill. 2d 62, 79, *cert. denied* (1973), 412 U.S. 918, 37 L. Ed. 2d 144, 93 S. Ct. 2731, relied on by the appellate court, does not support a contrary conclusion. In *Prim,* separate convictions and sentences were upheld for the robbery of three passengers on a bus. Only the conviction for the robbery of a fourth passenger, whom the defendant also murdered, was reversed.

Accordingly, the judgment of the appellate court is affirmed as to the robberies of Allen Brannock, Jr., and Mrs. Brannock, and reversed as to the three other counts. The judgment of the circuit court of Kankakee County is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*