THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL TERRY, Defendant-Appellant.

Fourth District   No. 16255

Opinion filed December 18, 1980.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Keith P. Vanden Dooren and Donald L. Hays, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

The defendant was charged by information in Champaign County circuit court with two counts of aggravated battery, and one count of aggravated assault in violation of sections 12—4(b)(6) and 12—2(a)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 12—4(b)(6) and 12—2(a)(6)). One aggravated battery count alleged that defendant bit Deputy Stephen Zook, the second aggravated battery count alleged that he knocked Deputy Walter Parrish against a cell wall, and the aggravated assault count alleged that he pushed Deputy Kenneth Roderick, which action placed Roderick in reasonable apprehension of receiving a battery. All these offenses were alleged to have taken place while the officers were transporting defendant from his jail cell.

After hearing testimony on March 19 and 20, 1980, a jury returned verdicts as follows: not guilty as to aggravated battery on Parrish, not guilty as to aggravated assault on Roderick; guilty of aggravated battery on Zook, and guilty of resisting or obstructing a peace officer as to Zook and Parrish. The resisting or obstructing peace officer charges had been submitted at defendant's request as lesser-included offenses of aggravated battery. A post-trial motion was denied and defendant was sentenced to 2 years' imprisonment for aggravated battery, and 364 days' imprisonment on each of the resisting offenses, all sentences to run concurrently. This appeal followed.

On appeal, defendant contends that: (1) He was not proved guilty of aggravated battery beyond a reasonable doubt; (2) the trial court erred in instructing the jury as to the limited purpose for which prior convictions of a witness may be considered where only defense witnesses were impeached with prior convictions and defense counsel requested that the instruction not be given; (3) that the prosecutor's comments regarding an injury he had received while skiing were not based on the evidence, and were prejudicial because the issue of whether bodily harm had occurred was crucial; and (4) the trial court improperly sentenced defendant on both the aggravated battery and resisting counts.

Testimony at trial revealed that there was a disturbance in the Champaign County jail in the early morning hours of January 30, 1980. Roderick observed defendant beating on a steel wall. When Roderick asked defendant what the problem was, he replied that he wanted the lights turned up, and the radio turned on. When Roderick refused these requests defendant became loud and abusive. When defendant indicated

that he would resist being moved to a different cell, Roderick returned to the booking area to obtain assistance. Roderick returned in a few minutes with Zook and Parrish, and two other officers. While struggling to remove defendant from his cell, Roderick, Zook, and Parrish were all pushed against the wall of the cell and when Zook reached in front of defendant in an attempt to handcuff him, defendant bit him on the elbow. On feeling defendant bite him, Zook exclaimed, "He bit me!" Zook testified that although he was wearing a winter jacket the bite left tooth marks and redness, and a bruise appeared the following day. Another deputy testified that he saw only redness when Zook showed him the elbow.

Defendant, and several other inmates of the jail on that night, testified that he was not making noise, that his resistance of the deputies' efforts to remove him from the cell was restricted to hanging onto the bars, and other objects, and asking where he was being taken, and that he did not bite or strike any of the deputies although he had many opportunities to do so.

■■ The crucial inquiry in the aggravated battery charge was whether Zook received a bodily injury. The evidence was in conflict, but a reviewing court will not substitute its judgment for that of the finder of fact unless the evidence is so improbable as to raise a reasonable doubt as to the defendant's guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) The issue as to whether a peace officer suffered an injury, and whether that injury constitutes bodily harm, is particularly a jury question. (*People v. Woollums* (1978), 63 Ill. App. 3d 602, 379 N.E.2d 1385.) The record here sustains the jury's verdict.

■■ Defendant next argues that the trial court committed error in giving over his objection Illinois Pattern Jury Instructions, Criminal, No. 3.12 (IPI Criminal) which deals with impeachment of witnesses by prior crimes. He analogizes to IPI Criminal No. 3.13, which is to be given only on a defendant's request. He cites *People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295, to support the argument that the party against whom evidence of a prior conviction is admitted may offer an instruction limiting its use. *Monroe* recognizes that principle with which we have no quarrel, but we note that the language of *Monroe* is permissive, "that the party against whom it is admitted *may* tender instructions * * *." (Emphasis added.) (66 Ill. 2d 317, 323, 362 N.E.2d 295.) It does not say that "only" that party is entitled to such instructions. Additionally, *Monroe* does not purport to deal with IPI Criminal No. 3.12.

The Committee Notes to IPI Criminal Nos. 3.12 and 3.13 indicate that No. 3.13, relating to the defendant, is to be given only on his request. This is a humane provision of the law which affords a defendant the right to be tried only for what is charged in a case at bar, with a jury

uninfluenced by some prior bad conduct on his part. The same considerations do not apply to witnesses who are not on trial, and whose credibility is in issue. In our adversary system the discrediting of one's opponent's witnesses is an accepted trial technique. Defendant's argument here, stretched to its logical extreme, would bar even cross-examination of opposing witnesses. His contention is without merit.

We also regard the complained-of remarks of the prosecutor in final argument harmless. They were offered, along with another example of everyday experience, that of a child sustaining injury despite protective clothing. Read in context of the entire argument, we cannot say that they influenced the result. *People v. Naujokas* (1962), 25 Ill. 2d 32, 182 N.E.2d 700.

The matter of defendant's convictions on both the aggravated battery and resisting charges presents a somewhat more complicated problem. As indicated above, defendant submitted and was given instructions on resisting a peace officer as a lesser included offense of aggravated battery. The jury found him guilty of both as to Zook, but not guilty of aggravated battery, and guilty of resisting as to Parrish.

Under the circumstances here present, resisting a peace officer is an included offense of aggravated battery upon a peace officer since both charges arise out of a single act. Therefore, the judgment and sentence for resisting a peace officer as to Zook must be vacated. *People v. Pettus* (1980), 84 Ill. App. 3d 390, 405 N.E.2d 489.

As to Parrish, it is argued that there was a single act out of all the disturbance and therefore the judgment, and sentence, on resisting a peace officer must likewise be vacated under *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838. We disagree. *King* held that the "single act" theory rather than the "course of conduct" theory should govern sentencing, but also held that multiple convictions, and concurrent sentences, are permissible where a defendant has committed a series of acts which will support different offenses, even though those acts may be interrelated. In the case at bar there was credible evidence that defendant resisted both Zook and Parrish, even though the resistance was part of the general melee. *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330; *People v. Thomas* (1977), 67 Ill. 2d 388, 367 N.E.2d 1281.

We note that the trial court's judgment order does not make clear whether there were one or two sentences imposed for resisting a peace officer. It refers to "lesser included offenses" in the plural but imposes a single term of 364 days.

For the foregoing reasons, the cause is remanded to the circuit court of Champaign County with directions to vacate the conviction and any sentence that might have been imposed thereon for resisting Zook. The

convictions and sentences for aggravated battery on Zook and for resisting a peace officer as to Parrish are affirmed. An amended *mittimus* is ordered to be issued.

Affirmed in part, vacated in part, and remanded with directions.

MILLS and GREEN, JJ., concur.