THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID R. GROVER, Defendant-Appellant.

Fourth District    No. 16199

Opinion filed March 4, 1981.—Rehearing denied April 3, 1981.

CRAVEN, J., concurring in part and dissenting in part.

Arthur J. Inman, of Peoria, for appellant.

Stephen H. Peters, State's Attorney, of Clinton (Robert J. Biderman and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

As a result of a car wreck where one teen-age driver was killed and her three passengers were injured, the defendant was charged with reckless homicide (Ill. Rev. Stat. 1977, ch. 38, par. 9—3(a)), and three counts of reckless conduct (Ill. Rev. Stat. 1977, ch. 38, par. 12—5(a)). After a jury trial, the defendant was convicted as charged, and sentenced to 18 months' imprisonment for reckless homicide, and concurrent terms of 6 months' imprisonment for the three reckless conduct charges. On appeal, the defendant contends (1) the trial court erred in denying the defendant's motion for change of place of trial, (2) the State failed to comply with discovery orders, (3) evidence of the defendant drinking beer the day of the accident should not have been admitted, (4) the State's closing argument with respect to the prosecutor's comments about the defendant's drinking and other offenses was erroneous, (5) defendant was not proved guilty beyond a reasonable doubt, (6) defendant's sentences are excessive, and (7) defendant's three convictions for reckless conduct should be vacated.

■■ A juror need not be unaware of the facts and issues involved in the trial. Here, the trial court determined that each juror could lay aside his impression or opinion and render a verdict based upon the legal evidence. (See *People v. Williams* (1968), 40 Ill. 2d 522, 240 N.E.2d 645.) Moreover, the record shows that no jurors were selected after the defendant had exhausted his peremptory challenges and that the defendant stipulated to proceed without alternate jurors. Therefore, on this record, the trial court did not abuse its discretion under section 114—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—6) when it denied the defendant's motions for change of place of trial.

■■ The State failed to comply with discovery orders. However, given the defendant's late objection on discovery grounds, the only sanctions the trial court could have imposed would have been to grant the defendant a mistrial or to instruct the jury to disregard the objected-to testimony. Clearly, in the context of this case, the former sanction would have been inappropriate. While the trial court should have instructed the jury to disregard the objected-to testimony, this error was harmless given the cumulative nature of the objected-to testimony.

■■ Defendant's contention that evidence of his drinking beer the day of the accident was inadmissible is untenable. Evidence of intoxication is probative of the issue of recklessness in a reckless homicide prosecution. *People v. Miller* (1979), 75 Ill. App. 3d 775, 394 N.E.2d 783.

■■ The State's closing argument with respect to the prosecutor's comments about the defendant's drinking and other offenses was improper. However, this error was harmless upon this record. (See *People v. Terry*

(1976), 38 Ill. App. 3d 517, 347 N.E.2d 869.) Also, viewing this record, we find the defendant's contention that he was not proved guilty beyond a reasonable doubt is untenable. Further, given the recent supreme court case of *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541, we cannot say that the defendant's sentences are excessive.

■■ While it is agreed that the death (reckless homicide) and the several injuries (reckless conduct) resulted from defendant's single act of driving, we do not accept his contention that for such reason the separate convictions for reckless conduct must, or should be, vacated.

Section 12—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—5) states the offense of reckless conduct in terms of causing bodily harm to "an individual." The record shows no doubt that three persons were injured as a result of defendant's conduct as well as the individual named in the reckless homicide count.

Section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—3) provides:

"(a) When the *same conduct* of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on *the same act*." (Emphasis added.)

While known as the statute providing "compulsory joinder," the Committee Comments prepared in 1961 include the stated purposes of the legislation, saying:

"The rule is well established that an offender may be prosecuted for each of several offenses which are committed by the same *conduct* or which grow out of the same *transaction*." (Emphasis in the original Comment.) (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 197 (Smith-Hurd 1972).)

The Comments continue:

"The present concern is only with the situations in which more than one offense is found to arise out of the same *conduct*, or the same *act and the defense of double jeopardy is unavailable.*" (Emphasis in the original Comment.) (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 198 (Smith-Hurd 1972).)

It is further stated:

" 'The same act' is designed to describe the situation in which several persons are affected by only one act of the defendant, such as a negligent act of driving a vehicle, as in the *Allen* case * * * or a deliberate act of firing a gun, setting off an explosive, starting a

fire *as* in People v. Fox [citation]; or placing poison in a water supply system; * * *." Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 201-02 (Smith-Hurd 1972).

In *People v. Allen* (1937), 368 Ill. 368, 14 N.E.2d 397, defendant operated an automobile which struck and killed two pedestrians. He was convicted of involuntary manslaughter and sentenced as to each of two counts. Upon appeal, the defendant contended that his act of driving was but a single offense. The opinion is written in the context of double jeopardy arising from the fact of separate trials upon each count. The supreme court rejected the contention pointing out that "[a] distinction obtains between an offense and the unlawful act out of which it arises." (368 Ill. 368, 378, 14 N.E.2d 397, 403.) The *Allen* opinion also examined and rejected the views found in other jurisdictions which had held that there could be but one conviction and one sentence under such circumstances.

It is fair to conclude that the Comments report a legislative rejection of the view stated in certain jurisdictions, as New Jersey, which holds that but one offense exists in the circumstance where multiple victims are injured by a single act.

In *People v. Ellington* (1972), 7 Ill. App. 3d 72, 73, 286 N.E.2d 367, 368, defendant was charged in separate counts with aggravated kidnapping and robbery of two women. Such offenses occurred at the same time. Defendant argued that the kidnapping constituted only one offense and that only one sentence should have been imposed, or, in the alternative, that there were only two offenses, one of kidnapping and one of robbery and that only two sentences should have been imposed. The court stated:

"We consider each of these propositions to be without merit. It has long been settled that it is the identity of the offense, and not the act, that prohibits two prosecutions. In *People v. Allen*, 368 Ill. 368, involving two involuntary manslaughter charges against one individual as a result of an automobile collision in which two people were killed, the court stated that where two or more persons are injured in their person, though it be by a single act, yet, since the consequences affect, separately, each person injured, there is a corresponding number of distinct offenses for which an accused may be indicted, tried and punished. In *Gavieres v. United States*, 220 U.S. 338, 55 L. Ed. 489, 31 S. Ct. 421, it is stated that offenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. [Citation.] In *People v. Ciucci*, 8 Ill. 2d 619, involving a man who was charged with killing his wife and

three children, the court held that where two or more persons are killed by a single criminal act there are as many separate and distinct offenses as there are persons injured by the unlawful act. Following this case the Illinois legislature recognized that the same conduct may establish the commission of more than one offense and that an accused may be prosecuted for each offense." 7 Ill. App. 3d 72, 73-74, 286 N.E.2d 367, 368-69.

In *People ex rel. Starks v. Frye* (1968), 39 Ill. 2d 119, 233 N.E.2d 413, defendant so operated his automobile as to cause the death of two people. He was convicted upon two counts of involuntary manslaughter and consecutive sentences were imposed. Upon *habeas corpus*, the supreme court only considered the issue of consecutive sentences as limited by section 1—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1965, ch. 38, par. 1—7). That section provides that consecutive sentences may be imposed for two or more offenses which do not result from the same conduct, and the opinion held that consecutive sentences were improper. Implicit is the conclusion that the separate deaths constituted distinct offenses and the opinion did not, in any way, suggest that the defendant could only be sentenced for one of the deaths, or that concurrent sentences could not have been imposed. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, is an apposite authority upon the facts presented to support the position of defendant. The rationale of that opinion was directed and limited to acts (rape and burglary with intent to commit rape) committed to a single victim. It thus comes within the characterization stated in *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330. In *Butler*, defendant was convicted and received concurrent sentences for the armed robbery of two individuals occurring at the same time. The appellate court reversed upon defendant's contention that there was but one alleged course of conduct and upon the authority of *People v. Williams* (1975), 60 Ill. 2d 1, 322 N.E.2d 819. The opinion in *Butler* reversed the appellate court and its reliance upon *Williams*, Mr. Justice Schaefer saying:

"There was a single charge of armed robbery in the *Williams* case, and the legal consequences of robberies of multiple victims were neither involved nor discussed. Nothing said in our opinion in that case bears upon the issue involved in the present case." (64 Ill. 2d 485, 488, 356 N.E.2d 330, 332.)

While the *King* opinion searchingly collates and categorizes cases in terms of time and the rationale of multiple convictions and concurrent sentences, it does not once include or refer to *Butler* and the issue of concurrent sentences where more than one victim was injured by the act.

We recognize that *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234, would support defendant's proposition. There, defendant operated an automobile which struck another vehicle causing the death of

its two occupants. He was convicted and concurrently sentenced upon two charges of involuntary manslaughter. Although the court cited *People ex rel. Starks v. Frye,* it concluded that *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, required that it reverse one conviction which was apparently chosen arbitrarily. The opinion in *Lilly,* however, makes clear that the offense (rape and indecent liberties) was committed through a single act directed to a single individual at one time. It thus does not have occasion to consider the effect of a single act which injures two or more persons. As in *Butler,* no fact presented to the court in *Lilly* required consideration of offenses directed to multiple victims, and nothing was said concerning that circumstance. The opinion in *People v. Potcher* (1975), 26 Ill. App. 3d 540, 325 N.E.2d 753, simply follows *Holtz* in its reasoning.

We find that distinction between instances of multiple offenses committed against single victims and single acts directed against multiple victims to have been otherwise considered in the appellate courts. We have, heretofore, noted the opinion in *People v. Ellington* (1972), 7 Ill. App. 3d 72, 286 N.E.2d 367, concerning the kidnapping of two individuals. In *People v. Schultz* (1979), 73 Ill. App. 3d 379, 392 N.E.2d 322, defendant was charged in separate counts of kidnapping of four individuals while armed with a dangerous weapon. The opinion affirms separate convictions and concurrent sentences for such offenses. It is stated that the sole issue on appeal is whether the trial court erred in entering judgment and imposing concurrent sentences arising out of a single physical act. That court affirmed concluding that such conviction should stand because different victims were injured by the act of defendant.

In *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 367 N.E.2d 358, and *People v. Washington* (1977), 53 Ill. App. 3d 36, 368 N.E.2d 536, defendant fired one shot either striking or endangering two police officers by such shot. The respective convictions for attempt murder or aggravated battery as to each officer and the concurrent sentences imposed were affirmed in each case. In *Washington,* the court rejected the conclusion of *Holtz* and said:

> "However, we have been unable to find any decision of the Illinois Supreme Court (including the recent case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838) which requires us to discount the value of a human life and bodily integrity by ignoring the impact of the defendant's conduct upon one of his victims." 53 Ill. App. 3d 36, 38, 368 N.E.2d 536, 538.

In *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182, it is stated:

> "[T]he test to be applied to determine whether there are two offenses or only one, [*i.e.,* each charge] requires *proof of an additional fact which the other does not.*" (Emphasis added.)

The record is clear that here the count in reckless homicide and the three counts in reckless conduct each require proof of a fact which the others do not, *i.e.*, the fact of injury to separate and different individuals and the identity of such individuals.

The opinion in *King* explicitly recognizes that as to other than lesser included offenses, multiple convictions and concurrent sentences are proper where separate offenses are charged. There is no basis in fact for concluding that any of the three reckless conduct charges is a lesser included offense of any of the other charges.

The judgments and sentences are affirmed.

Affirmed.

WEBBER, J., concurs.

Mr. JUSTICE CRAVEN, concurring in part, dissenting in part:

I agree with the majority opinion in all respects except that in my view the three convictions for reckless conduct should be vacated. The State's reliance on *People v. Butler* (1976), 64 Ill. 2d 485, 356 N.E.2d 330, and *People v. Thomas* (1977), 67 Ill. 2d 388, 367 N.E.2d 1281, is misplaced. A careful reading of these cases indicates that the multiple convictions there were not carved from a single act. Rather, they were carved from a series of incidental or closely related acts.

*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844, mandates that for one act there can be only one conviction: "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act." Here, the State concedes that there is only one act involved. In *King*, the court was concerned with one act and one victim. I do not see that *King* is inapplicable if there is one act and multiple victims. Therefore, under *King*, the defendant's convictions for reckless conduct must be vacated. Also, see *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234.

Indeed the majority opinion concedes a conflict with the opinion in *Holtz* and with the opinion in *People v. Potcher* (1975), 26 Ill. App. 3d 540, 325 N.E.2d 753. Just last term, our supreme court reiterated the rule in *King*, and, in *People ex rel. Carey v. Scotillo* (1981), 84 Ill. 2d 170, 417 N.E.2d 1356, the court stated that in circumstances where a charge of attempted murder and of armed violence relating to the same incident and conviction of both, a judgment could be entered on no more than one of the charges.

Accordingly, I would affirm the conviction of reckless homicide and vacate the conviction and concurrent terms for the reckless conduct charges, all of which arise, not only out of the same criminal incident, but specifically out of the same act.