THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS CLINKSCALES, Defendant-Appellant.

(No. 57633;

First District (4th Division)—April 10, 1974.

Howard T. Savage, of Chicago (Howard O. Edmonds, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, William K. Hedrick, and Daniel F. Murray, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant was indicted for the offenses of aggravated battery, mob action and resisting a peace officer. He was found not guilty by a jury of the aggravated battery and mob action charges, but guilty of resisting arrest. After a hearing of defendant's application for probation and in aggravation and mitigation, defendant was sentenced to a term of 9 months to be served in the County Jail. On appeal defendant claims that the trial court erred in refusing defendant's instruction No. 5 (defense of compulsion), which refusal amounted to deprivation of his constitutional right to due process of law; that defendant had not been proven to have resisted arrest beyond a reasonable doubt; and that defendant should have been admitted to probation. Instruction No. 5 to which the State objected reads as follows:

"It is the defense to the charge made against the defendant that he acted under compulsion of threat or great bodily harm or presence of the imminent infliction of death or great bodily harm if he reasonably believed death or great bodily harm would be inflicted upon him if he did not perform the conduct with which he is charged."

Section 7—11 of the Criminal Code pertaining to use of force in defense of person provides:

"(a) A person is not guilty of an offense, other than an offense punishable with death, by reason of conduct which he performs under the compulsion of threat or menace of the imminent infliction of death or great bodily harm, if he reasonably believes death or great bodily harm will be inflicted upon him if he does not perform such conduct." Ill. Rev. Stat. 1969, ch. 38, par. 7—11.

■■ The purpose of the statute is to avoid depriving a person who was attacked by a police officer or who was about to have suffered harm at the officer's hand during the course of arrest, whether right or wrong or in case of a wrongful arrest, to defend himself. This is exactly what defendant claimed he was doing at the time the officer grabbed him and struck him with a stick.

In its brief, the State claims that under no circumstances was there a possibility that the defense of compulsion was an issue and that the defendant did not present any evidence that he was compelled to resist the arrest. The State ignores the record where we read the following:

"As the officer came out of the bushes, he came directly at me, that is north of me. At that point the officer said, 'I got you, nigger.', and he raised the object in his hand and proceeded to swing it. That is the same object that I described as being two inches in diameter and being a piece of wood about 24 to 28 inches long. He was swinging at once and hit me on my head to the left and to the rear. He hit me with his club. At that point, I was shocked and reflex led to reach out for him."

The record shows that defendant presented testimony which places his behavior within the scope of the defense of compulsion as set out in the Statute. The officer accosted defendant with a police club in hand, insulted his group saying, "I got you nigger", and then struck him on the head causing an injury that necessitated medical treatment, consisting of 6 stitches, an injection of 1,200,000 units of penicillin, and an X-ray to check for possible fractured skull. Considering the confrontation and the medical treatment which the defendant received on the following day, the defendant was subjected to great bodily harm, and resisted to prevent greater bodily harm and for reasons of self preservation. Defendant's instruction No. 5 should have been given.

■■ Defendant maintains further that the trial court also erred by refusing defendant's instruction No. 6. It described three elements of the offenses of resisting arrest and included a fourth element that the defendant did not act under compulsion. It is our opinion that instruction No. 6 should have been given.

The giving of the State's instruction No. 12 that set out the elements of the offense of resisting arrest without requiring the negation of compulsion was error. State's instruction No. 13 was also objected to by the defendant. Said instruction advised the jury that a person is not authorized to resist arrest by a peace officer even if he believes that the arrest is unlawful and the arrest is in fact unlawful.

■■ The refusal of defendant's proposed instructions Nos. 5 and 6 and giving State's instructions Nos. 12 and 13 amounts to a deprivation of his constitutional right to due process of law to have a crucial question of fact (his guilt or innocence) decided by the jury. This action of the trial court did in fact deny defendant his constitutional right to be tried by the jury. The trial court thus usurped the jury's function to decide whether he was guilty or innocent of resisting arrest as that offense is defined in Illinois law including the defense of compulsion statute.

■■ Defendant further claims that he has not been proven guilty of resisting arrest beyond a reasonable doubt. We find several discrepancies in the State's case. Officer Walsh testified that defendant perpetrated a battery upon the officer by striking him with a board. Another officer cor-

roborated Walsh. Yet the jury acquitted defendant of the charge of battery. Both police officers said defendant was uninjured. Dr. Carter's testimony, stipulated to by both parties to the litigation, indicated that defendant suffered a severe head wound and had been bleeding. On direct examination, Officer Walsh sa'd that defendant struck him with the board on the shoulder. According to the police physician, Walsh sustained contusions of his left elbow and right chest posterior. We conclude, after a careful examinat:on of the record, that there is no satisfactory evidence that defendant resisted arrest.

Having agreed with the defendant's first three appeal contentions, it is not necessary for us to consider this fourth contention that defendant should have been admitted to probation.

The judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

BURMAN and DIERINGER, JJ., concur.