THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWARD SMITH, JR., Defendant-Appellant.

Fourth District   No. 15754

Opinion filed July 21, 1980.

576

Robert Weiner and Terry L. Fields, both of Springfield, for appellant.

Nolan Lipsky, State's Attorney, of Petersburg (Gary J. Anderson and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)) upon each of two victims, Tobias and Ferguson, and a sentence of two years' probation and a fine of $750. The record and report of proceedings are voluminous, but upon the issues raised it appears that there was little dispute concerning the matters in evidence and we find no need to recite the testimony in detail. The defendant, a resident of Springfield, was employed as a part-time police officer in the city of Athens. He had entered upon such duties about six weeks prior to the date of the offense charged. The victims, Tobias and Ferguson, resided in the community.

Tobias had a prior conviction for burglary and Ferguson had been convicted of felony theft. A number of witnesses called by defendant testified that the reputation of each as being a peaceful and law-abiding citizen was bad.

The defendant does not deny that he fired his official shotgun twice at the victims, but contends that he was acting with a justified use of force in self-defense.

In the light of such contentions defendant tendered, and the court gave, Illinois Pattern Jury Instructions (hereinafter IPI), Criminal, No. 24.12, incorporating the provisions of section 7—5 of the Criminal Code

of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 7—5), providing in paraphrase that a peace officer is justified in the use of any force which he reasonably believes to be necessary to effect the arrest or to defend himself from bodily harm but that he is justified in using force likely to cause death or great bodily harm only when he reasonably believes that such force is necessary to prevent death or great bodily harm or when he reasonably believes that such force is necessary to prevent resistance or escape and the person to be arrested has committed or attempted a forcible felony, or the person to be arrested is attempting to escape by use of a deadly weapon.

As a corollary, the prosecution tendered, and the court gave IPI Criminal No. 24.15, which incorporates the provisions of section 7—8 of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 7—8) providing in paraphrase that force which is likely to cause death or great bodily harm includes the discharge of a firearm in the direction of a person to be arrested even though there is no intent to kill or inflict great bodily harm.

At about 8:15 p.m. on August 10, 1978, defendant was on duty as a police officer and using a city squad car. He observed Tobias operating a motorcycle with Ferguson as a passenger. While the police had received the report of a motorcycle stolen in Springfield and information that Tobias had been seen on such a vehicle, defendant testified that he attempted to stop them because the riders had no eye-protection and the cycle had no taillight. He first attempted to stop them by honking his horn, but as the riders appeared to speed away, he turned on the flashing lights of the squad car and pursued.

Weathington, a deputy sheriff, and Dodson, a State trooper, observed this opening action and followed, but apparently used differing routes because of highway conditions. The only persons observing the critical events were the defendant, Tobias and Ferguson. The cycle and defendant's squad car proceeded north at speed to Evers Road to its intersection with Johnson Road. The latter highway ran east and west and the intersection with Evers Road was a "T". Evers Road formed the vertical portion of the "T". The cycle crossed the intersection and proceeded north into a bean field for a distance of some 30 feet, where it and the riders fell. Defendant stopped his car in the intersection, and when he observed Tobias and Ferguson get up and lift the cycle he identified himself as a police officer and fired a warning shot. As the men attempted to mount the cycle defendant fired two or more shots from his shotgun.

Tobias and Ferguson testified that they were attempting to mount the cycle and to get away, while defendant testified that he fired the two shots toward them since the men mounted the cycle and drove towards him. The defendant's theory of self-defense was that he had reason to believe

that the men were charging towards him with the motorcycle and that he needed to protect himself.

Other witnesses testified to the circumstances that the cycle and Ferguson were found lying at the edge of the bean field about two-tenths of a mile west of the "T" intersection and some distance north of Johnson Road. Tobias was not found in the vicinity but was later discovered in a hospital where he was being treated for certain wounds.

Weathington testified that he found Ferguson and the motorcycle, and when there was some discussion whether Ferguson had been shot, defendant was present and said that he had fired the shots.

Circumstantial evidence relevant to the issue of self-defense discloses that the wounds suffered by Tobias and Ferguson were received upon the back of their respective limbs and bodies. The record also contains testimony showing a single track of the cycle into the bean field from the "T" intersection, an area where the beans were flattened from the fall of the cycle and the men, and a single meandering track of the cycle from the flattened area of the bean field to the northwest where Ferguson and the cycle were found. No track of the cycle through the bean field from the place of the fall toward the defendant at the intersection could be found.

Defendant urges numerous errors arising when the trial court sustained objections to his cross-examination of Tobias and Ferguson, each of whom testified for the prosecution.

■■ The trial court sustained objections to defendant's cross-examination of Ferguson concerning pending charges of aggravated battery arising from an altercation with a State police trooper. It is argued that such examination was proper and admissible upon the theory that it was relevant to showing a bias of Ferguson as a witness arising in a hope or promise of leniency, that defendant was raising the issue of self-defense and that the cross-examination was relevant to show defendant's state of mind, *i.e.*, that Ferguson was a violent character and who might drive the cycle through the bean field to strike down or run over the plaintiff.

We agree that under *People v. Mason* (1963), 28 Ill. 2d 396, 192 N.E.2d 835, and *People v. Baptiste* (1976), 37 Ill. App. 3d 808, 347 N.E.2d 92, and kindred authority, that it was error to exclude such cross-examination of Ferguson. Upon the point of whether the trial court's ruling was reversible error, we find *Mason* and *Baptiste* to be distinguishable. In each, the issue of guilt depended solely upon the determination of the more credible witnesses by the trier of fact.

Defendant's theory of a justifiable use of force as a police officer is balanced entirely upon his statement that he believed that Ferguson, rather than Tobias, might be operating the cycle through the bean field toward him to run defendant down as the latter stood on Johnson Road,

and that he fired the shotgun to halt that threat to his safety. It is logically and physically impossible to sustain defendant's hypothesis in the light of the uncontradicted evidence that the only wounds sustained by Tobias and Ferguson struck on the back surfaces of their bodies, and by the further evidence that the only track of the cycle was into and across the field away from defendant. Witnesses who examined the field testified that they observed no evidence of a track made by the cycle being driven toward the intersection of Johnson Road where defendant stood when he fired the shotgun. Thus, testimony of Ferguson and Tobias contradicting the claim of self-defense was not the only or sole evidence presented upon the issue, as was the fact in *Mason*. We find the error to be harmless beyond a reasonable doubt rather than an error requiring reversal. *People v. Whitlow* (1977), 48 Ill. App. 3d 425, 363 N.E.2d 102; *People v. Robinson* (1977), 56 Ill. App. 3d 832, 371 N.E.2d 1170.

■■ Tobias and Ferguson each admitted his conviction of a felony during the testimony before the jury. Defendant argues that the trial court erred in refusing to permit introduction of the certified record of Ferguson's conviction. No authority supports the claim of error. Where a witness testifies to the fact of his conviction it is unnecessary to introduce the record. (*People v. Birdette* (1961), 22 Ill. 2d 577, 177 N.E.2d 170.) There is no merit to the issue.

■■ Although of doubtful relevance, defendant was permitted to testify to "threats" made to him by unknown persons. He argues that the trial court erred in excluding testimony by the defendant that the mayor and the chief of police had each told of threats made to them or against their families. After an offer of proof, the trial court also excluded the testimony of the mayor concerning threats made to him. No testimony suggests that either Tobias or Ferguson participated in making any threats.

The rejected testimony is dubbed evidence of the "climate of the community." Defendant cites *People v. White* (1972), 7 Ill. App. 3d 1084, 288 N.E.2d 705, and argues that the testimony is relevant to show defendant's state of mind and fear which caused him to shoot in the belief that he was defending himself. The *White* opinion affirmed the exclusion of the evidence tendered in that case, a pamphlet. Again, the factual background here strongly differs from that in *White*. Here, defendant knew whom he was pursuing and the circumstances which brought about the encounter. His acts were alleged to be based on specific facts known or observed by him. As stated in *White*, defendant was given ample opportunity to present his theory of self-defense and we find no error in the ruling of the trial court.

■ Defendant argues that it was error to exclude his cross-examination

of Tobias inquiring whether or not the latter had sold "angel dust" to a juvenile. Tobias had never been arrested or charged with the offense. It appears that defendant expected to impeach a negative answer. We find that the error, if any, was harmless beyond a reasonable doubt. There was ample evidence before the jury to impeach the credibility of Tobias, and any further impeachment would be merely cumulative. Such cross-examination would be on essentially a collateral matter.

In *People v. Hanks* (1974), 17 Ill. App. 3d 633, 638, 307 N.E.2d 638, 643, this court said:

> "Although on cross-examination the range of evidence for the purpose of discrediting is very liberal, an undue latitude in the cross-examination of witnesses in criminal cases as to their character, reputation and past activities when not relevant or material, injects issues other than the guilt of the defendant and tends to shift unjustly that guilt to persons other than the defendant. * * *. The courts must ever be alert to the injection of extraneous and prejudicial issues into the trial under the guise of due process or fair trial and never condone this as sound or accepted defense tactics. The statement of Justice Schaefer of the Illinois Supreme Court may be appropriate under the circumstances: 'There has been an increasing tendency in criminal cases to try some person other than the defendant, and some issue other than his guilt.' (*People ex rel. Sears v. Romiti* (1971), 50 Ill. 2d 51, 55, 277 N.E.2d 705, *cert. denied* 406 U.S. 921.)"

■■ Defendant argues a lengthy list asserted to be error in the giving or refusing of instructions. Most do not merit extended consideration. The refusal to instruct the jury with the second paragraph of IPI Criminal No. 3.02 is patently not error. Three eye-witnesses testified. The Committee Comments to IPI and numerous authorities reiterate that the portion of the instruction on circumstantial evidence is proper only when the evidence is entirely circumstantial.

There was no error in refusing defendant's tendered IPI Criminal No. 3.11. Defendant appears to argue that the Athens chief of police engaged in a police chase contrary to his testimony concerning official policy. The testimony is not material to any issue in the case. See Committee Note, IPI Criminal No. 3.11.

■■ The trial court refused to give defendant's tendered language:

> "When I use the words 'forcible felony' I mean aggravated battery and any other felony which involves the use or threat of physical force or violence against any individual."

Instead IPI Criminal No. 4.05 was given in a form which recited each of the statutory offenses defined as a forcible felony. The Committee Note to

IPI Criminal No. 4.05 directs that the offenses stated in brackets in the form of the instruction should be selected according to the facts in the case. It is argued that aggravated battery is the only statutory forcible felony for which defendant could be convicted and that the form of instruction given could confuse the jury.

Defendant admitted firing the shots which struck Tobias and Ferguson. The defendant tendered and the court gave IPI Criminal No. 24.12, stating the defense of a justifiable use of force as provided in section 7—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 7—5), *i.e.*, a peace officer is justified in using force likely to cause death or great bodily harm only when he reasonably believes that such force is necessary to prevent death or great bodily harm to himself or another, or that such force is necessary to prevent the individual from escape and the individual "has committed or attempted a forcible felony." Since defendant's tendered instruction unnecessarily included the language of IPI Criminal No. 24.12 relating to the commission of a forcible felony, that instruction would be incomplete if "forcible felony," as provided by statute, was not defined to the jury. As tendered by defendant, the instruction required the jury to determine whether Tobias and Ferguson had committed a forcible felony. Again, by its language, the statutory justification refers to a forcible felony that "has [been] committed or attempted" at a time prior to the undertaking of the arrest.

Defendant argues that the testimony of defendant to the effect that Tobias and Ferguson drove the cycle from the field attempting to run over defendant shows that the only forcible felony was that of aggravated battery directed against the defendant. The argument is without merit for as to such conduct that portion of section 7—5 authorizing deadly force where reasonably believed necessary to prevent death or great bodily harm to the peace officer applies. If defendant's argument was accepted there would be no rational distinction between the self-defense aspect of section 7—5 and the statutory justification for the use of deadly force where a forcible felony was committed or attempted. Upon this record we find no error in the form of instruction which defines what constitutes a "forcible felony."

■■ Defendant urges error in the refusal of his tendered instruction IPI Criminal No. 6.05 defining attempt aggravated battery. He argues that Tobias and Ferguson alleged driving of the motorcycle toward defendant constituted the crime of aggravated battery. The record does not support the giving of the instruction as to the conduct of the defendant. Tobias and Ferguson were not charged with the offense of aggravated battery. This argument is subject to the same fallacy as that discussed concerning the definition of "forcible felony."

■■ The trial court did not err in refusing defendant's instruction defining

theft. On this record, the fact that Tobias and Ferguson were riding a stolen cycle was not an issue for the jury.

■■ The trial court did not err in giving an instruction defining force likely to cause death or great bodily harm in the verbatim form of IPI Criminal No. 24.15, rather than as modified by defendant. That instruction clarifies the meaning of defendant's given instruction IPI Criminal No. 24.12, which defined the justified use of force by a peace officer. By its terms, IPI Criminal No. 24.12 is limited to instances of arrest, actual or attempted. The argument that the definition in such instruction contradicts the instruction IPI Criminal No. 25.05, stating the burden of proof in the offense of aggravated battery, is not persuasive.

Defendant's argument that the trial court erred in refusing to give the tendered instruction IPI Criminal No. 24.21 defining the defense of compulsion under section 7—11 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 7—11) is inappropriate and without merit. Defendant cites no authority to support the proposition. We distinguish the factual situations found in *People v. Clinkscales* (1974), 19 Ill. App. 3d 173, 311 N.E.2d 253, and *People v. Pickett* (1975), 34 Ill. App. 3d 590, 340 N.E.2d 259, which have held that the instruction was properly raised as a defense to a charge of resisting arrest. The law, as found in the authorities and as stated in IPI Criminal No. 24.20, is that a person is not entitled to resist arrest even though such arrest is unlawful. In the cited cases there was evidence that as the arrest was made the officer used force which threatened death or great bodily harm to the defendant arrested and charged with resisting arrest. It was held that in such instances the instruction was proper.

■■ Here, the actual defense was that of a justifiable use of force by a police officer in making an arrest. If, in fact, defendant's use of force while making the arrest was justified or authorized under the statute, no crime was committed by defendant. As stated in *People v. Unger* (1977), 66 Ill. 2d 333, 339, 362 N.E.2d 319, 322:

> "[T]he defense of compulsion generally requires an impending, imminent threat of great bodily harm together with a *demand* that the person perform the specific criminal act for which he is eventually charged." (Emphasis added.)

Within such context the tendered instruction was improper.

Defendant argues that the trial court erred in refusing to instruct upon the lesser offense of battery. He cites neither authority nor facts in evidence to support the giving of such instruction. *People v. Virgil* (1974), 19 Ill. App. 3d 744, 312 N.E.2d 816.

The aggravated battery was charged under section 12—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)), *i.e.*,

committing a battery by the use of a deadly weapon. The trial court permitted the prosecution to delete the word "great" from the phrase in the information "knowingly caused great bodily harm" after the jury had been sworn.

■■ Without citation of authority or logically stated argument, defendant contends that by reason of the amendment defendant was required to defend a different charge than that operative prior to the amendment, *i.e.*, that the State had to prove only the infliction of "bodily harm" rather than "great bodily harm."

Examination of the information discloses it charged, in the language of the statute and specifically under the provisions of section 12—4(b)(1), that defendant shot the named victim with a gun.

Each count of the information includes each of the several elements required in section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—3). We can conceive of no way in which defendant was misled or prejudiced by the deletion ordered by the court. Section 111—5(d) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 111—5(d)) provides:

> "An indictment, information or complaint which charges the commission of an offense in accordance with Section 111—3 of this Code shall not be dismissed and may be amended on motion by the State's Attorney or defendant at any time because of formal defects, including:
>
> * * *
>
> (d) The presence of any unnecessary allegation."

Upon the record the word "great" was clearly an unnecessary allegation and surplusage. *People v. Chamberlain* (1972), 5 Ill. App. 3d 235, 282 N.E.2d 784.

Defendant argues that the trial court erred in denying his motion to "suppress a confession." The question is essentially moot, because defendant has not pointed out, and we have been unable to find, any testimony in the record which suggests that a "confession" was made. Kane, a special agent of the Division of Criminal Investigation, Illinois State Department of Law Enforcement, arrived at the scene sometime after the event. For some 30 minutes she conferred with the sheriff and other officers present. Thereafter, without giving a *Miranda* admonition, she conversed with defendant for about five minutes asking in general terms what had happened. The record suggests that the principal interest was to obtain information which would aid in organizing a search of the bean field for the individual on the motorcycle who had not been found. Prior to speaking with Kane, defendant had volunteered to other officers that he had fired the shots. The record amply supports the conclusion of the trial court that there was then no focus on defendant for purposes of

custodial interrogation. Defendant retained his sidearm and there is no evidence which suggests that defendant had reason to believe that he was in custody. In fact, so far as the record discloses, he was never taken into custody at the conclusion of the search at the bean field or otherwise. We find no evidence of a custodial or coercive interrogation. *Oregon v. Mathiason* (1977), 429 U.S. 492, 50 L. Ed. 2d 714, 97 S. Ct. 711; *People v. Wipfler* (1977), 68 Ill. 2d 158, 368 N.E.2d 870.

■■ We find that the trial court did not abuse his discretion in permitting the prosecution to introduce evidence in rebuttal which tended to refute defendant's claim of self-defense. *Rodriguez v. City of Chicago* (1974), 21 Ill. App. 3d 623, 316 N.E.2d 88.

■■ Defendant asserts that the trial court erred in entering judgments of conviction upon both counts of the information with the contention the injuries were "the result of one act by the defendant." At least two shots were fired by defendant, and the testimony shows that Tobias was hit only by one of them. We will not establish a precedent that a defendant can fire a number of shots wounding a number of people but have the offense treated as one act. *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 367 N.E.2d 358.

■■ Where the defendant has appealed seeking reversal of a judgment upon which no sentence has been imposed, upon affirmance of the conviction, it is proper for the appellate court to remand to the trial court for imposition of sentence. *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540.

We find that the single instance of alleged prejudicial argument by the prosecution was invited as a response to the argument of defense counsel.

Defendant's argument that it was error to impose a sentence of probation rather than one of conditional discharge is without persuasion. The trial court's conclusion that the offenses were serious is supported by the record. Defendant has failed to rebut the presumption that the sentence imposed was proper. See Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1.

Defendant's statement that the information should have been dismissed on motion because it was issued prior to a finding of probable cause clearly misreads section 111—1 (Ill. Rev. Stat. 1977, ch. 38, par. 111—1) and 111—2 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 111—2) of the Code of Criminal Procedure of 1963.

He recites the language of section 111—2(a):

"* * *. No prosecution may be pursued by information unless a preliminary hearing has been held * * * and at the hearing probable cause to believe the defendant committed an offense was found."

Section 111—1 provides that prosecution may be commenced by a complaint, an information, or indictment. Section 111—2(a) provides that all prosecutions of felonies shall be by information or by indictment. Section 111—2(d) provides that upon the filing of an information, the court shall issue a warrant for the arrest of the person charged. It is apparent that the filing of an information and issuance of a warrant for arrest is prerequisite to the holding of a preliminary hearing. We find that the respective cited sections of the Code clearly distinguish the "commencement" of the prosecution from the "pursuit" of such prosecution, and conclude that the language of section 111—2(a) was not designed to erase the meaning of section 111—1.

The several remaining issues stated by defendant have been examined and we find no error in the rulings in the trial court.

The conviction and sentence imposed upon count I of the information are affirmed. The conviction upon count II of the information is affirmed, and the cause is remanded to the circuit court for imposition of sentence.

Affirmed; cause remanded.

GREEN and WEBBER, JJ., concur.