THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD MERCADO, Defendant-Appellant.

Second District   No. 83—223

Opinion filed November 10, 1983.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Judith M. Pietrucha, both of State's Attorney's Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, Richard Mercado, was found guilty of three offenses of reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a)) arising from an automobile collision in which three persons were killed. He was also convicted of driving while under the influence of alcohol (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)(1)) and of driving with a blood alcohol concentration of .10% or more (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)(2)). Defendant was sentenced to concurrent terms of three years' imprisonment for each reckless homicide conviction and concurrent 364-day terms for the driving under the influence of alcohol convictions.

On appeal, defendant does not contest the sufficiency of the evidence to support his convictions, but contends (1) two of the three convictions for reckless homicide must be vacated as having arisen from the same act; (2) one of the driving while under the influence of alcohol convictions must be vacated on the same grounds; and (3) the cause should be remanded for resentencing if any of his convictions are vacated because the trial judge may have been influenced by a vacated conviction in imposing sentence.

We vacate one conviction and sentence for driving under the influence of alcohol and in all other respects affirm the judgment of the

circuit court.

Defendant contends first that as more than one offense may not be carved from the same physical act (*People v. Manning* (1978), 71 Ill. 2d 132; *People v. King* (1977), 66 Ill. 2d 551, 566, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273), two of the reckless homicide convictions must be vacated. He argues his single act in this instance was driving the automobile which caused the three deaths, citing *People v. Holtz* (1974), 19 Ill. App. 3d 781.

In *Holtz*, one of defendant's two convictions for involuntary manslaughter was reversed where both arose from defendant's act of pulling the steering wheel of a car from the driver's control, causing the car to swerve into another car killing its two occupants, the court noting there could be but one conviction of crime for a single act (19 Ill. App. 3d 781, 790). A different, and we think more persuasive, conclusion has been reached in later cases where the courts have considered the fact defendant's act was directed against multiple victims.

In *People v. Grover* (1981), 93 Ill. App. 3d 877, defendant was convicted of reckless homicide and three counts of reckless conduct arising from an automobile collision. The majority of the panel on the reviewing court rejected defendant's argument that since the death and injuries resulted from his single act of driving, the reckless conduct conviction must be vacated. The court noted a distinction existed between cases where multiple offenses were committed against single victims and single acts directed against multiple victims. In finding defendant was properly convicted of all four offenses it noted that the reckless homicide and each of the three reckless conduct offenses required proof of facts the others do not; that injury occurred to separate persons and their identity (93 Ill. App. 3d 877, 882-83). See also *People v. Davis* (1982), 105 Ill. App. 3d 129, 135; *People v. Washington* (1977), 53 Ill. App. 3d 36; *People v. Smith* (1980), 86 Ill. App. 3d 575, 585; *People v. Bigsby* (1977), 52 Ill. App. 3d 277, 283; *People v. Thomas* (1976), 43 Ill. App. 3d 328, 330.

The distinction between acts affecting only one victim and those affecting multiple victims was also noted in *People v. Butler* (1976), 64 Ill. 2d 485, 487-89. We conclude defendant was properly convicted of three offenses of reckless homicide against the three victims.

The State concedes that one of defendant's convictions for driving under the influence of intoxicating liquor must be vacated as both are dependent upon the same conduct. Accordingly, we vacate the conviction and sentence imposed for the offense premised upon section 11—501(a)(2) of the Illinois Vehicle Code as charged in count

IV of the information.

■ We do not agree with defendant's final assertion that having vacated one of the convictions, remandment for a new sentencing hearing is required. It is apparent from the record of the sentencing hearing that the trial judge did not consider the now vacated conviction in imposing sentence for the other offenses. The judge expressed the basis for imposition of maximum sentences for each offense and there is no suggestion the court was influenced by the now vacated conviction in doing so. See *People v. Alejos* (1983), 97 Ill. 2d 502; *People v. Taylor* (1983), 114 Ill. App. 3d 265, 271; *People v. Owens* (1982), 109 Ill. App. 3d 1150, 1160.

Accordingly, the judgment of conviction and sentence imposed under count IV of the information will be vacated and in all other respects the judgment of the circuit court will be affirmed.

Judgment vacated in part and affirmed.

LINDBERG and UNVERZAGT, JJ., concur.