Defendant, William Jack Nelson, appeals from a judgment of the circuit court of Kane County which found him guilty of driving under the influence of alcohol pursuant to section 11-501(a) of the Illinois Vehicle Code (Vehicle Code) (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)). Defendant was sentenced to 12 months' probation, was ordered to pay court costs of $155 and was required to attend treatment counseling. On appeal, defendant contends that: (1) the trial court erred in finding him guilty of driving under the influence of alcohol where he was charged with violating section 11-501(a)(1) of the Vehicle *Page 979 
Code but was found guilty of violating section 11-501(a), given that the State failed to present any evidence at trial that defendant's blood-alcohol content was 0.10 or higher; and (2) he was not proved guilty beyond a reasonable doubt of driving with a blood-alcohol content of 0.10 or greater. We reverse.
On June 4, 1989, at approximately 2:40 a.m., defendant was stopped by Officer Marshal McQuinley of the Aurora police department. Officer McQuinley testified that defendant's car was stopped at a stop sign. The officer approached defendant's car and noticed that defendant appeared to be asleep; however, the car was still running, and defendant's foot was on the brake pedal. The officer woke defendant and proceeded to administer field sobriety tests to him. According to McQuinley, defendant failed these tests and was arrested. Officer McQuinley prepared a uniform traffic ticket which indicated that defendant was being charged with "driving while under the influence of alcoholic beverage" in violation of "Chap. 95 1/2 Sec. 11 Par. 501A1." (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(1).) Thereafter, defendant was transported to the Aurora police department, where Officer Robin Trettenero attempted to perform a breathalyzer test. According to Officer Trettenero, defendant agreed to take the test but was unable to register a reading on the breathalyzer machine due to a "deficient sample."
Because the breathalyzer sample was deficient, the State only offered evidence at trial to show that defendant was driving under the influence of alcohol. (See Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(2).) The State did not present any evidence that defendant was driving with a blood-alcohol content of 0.10 or more. See Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(1).
Defendant did not testify or present any witnesses at trial but argued during closing arguments that the State had not proved him guilty beyond a reasonable doubt. Defendant claimed that the State's evidence was not sufficient to prove that he was driving an automobile while under the influence of alcohol.
Following closing arguments, the trial court pointed out a discrepancy in the uniform traffic ticket. Specifically, the court noted that the ticket informed defendant that he was being charged with "driving under the influence of alcoholic beverage" but cited section 11-501(a)(1) of the Vehicle Code, which applies to driving with a blood-alcohol content of 0.10 or better. The court asked both sides to present arguments on how the matter should be resolved. After arguments by both counsel, the trial court found defendant guilty of violating section 11-501(a) *Page 980 
of the Vehicle Code, but did not determine which specific subsection of this section applied in this case.
Defendant's motion for a new trial or, in the alternative, a finding of not guilty was denied. This appeal followed.
• 1 Defendant first contends that the ticket issued by Officer McQuinley was fatally insufficient in that it failed to specify the offense with which defendant was charged. Section 111-3(a) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 111-3(a)) requires, inter alia,
that a charge: (1) state the name of the offense; (2) cite what statutory provision has been alleged to have been violated; and (3) list the nature and the elements of the offense that is charged. Defendant argues that the State charged him with violating section 11-501(a)(1) of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(1)), which involves driving with a blood-alcohol content of 0.10 or greater, and then did not offer any evidence of this violation. Instead, defendant asserts that the State only offered evidence that he was guilty of driving while under the influence of alcohol. See Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(2).
We first note that the uniform traffic ticket at issue in this case described two offenses under section 11-501(a) of the Vehicle Code. The ticket charged defendant with "driving under the influence of alcoholic beverage" (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(2)), but then listed section 11-501(a)(1) (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(1)) as the section of the Vehicle Code which he violated. Section 11-501(a)(1) of the Vehicle Code involves the offense of driving with a blood-alcohol content of 0.10 or greater.
• 2 This situation is similar to the case of People v.Tammen (1968), 40 Ill.2d 76, in which a traffic ticket stated that the defendant was being charged with "drag racing" but cited to the statutory section which prohibits reckless driving. In Tammen, the defendant also argued that the traffic ticket was legally insufficient. The court stated:
 "Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111-6 [citation] the accused may request a bill of particulars which will enable him `to prepare his defense.' We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure *Page 981 
to comply with section 111-3[a](3)." (Tammen, 40 Ill.2d at 78-79.)
The court also stated that the defendant was not misled by the discrepancy in the ticket because he was well aware of the facts surrounding the issuance of the ticket. Tammen, 40 Ill.2d at 79.
In People v. Askeland (1988), 166 Ill. App.3d 78, the defendant was charged with driving under the influence of alcohol in violation of section 11-501(a) of the Vehicle Code. However, the trial court found her guilty of violating subsection 2 of this section. On appeal, the defendant contended that the failure to specify which subsection the State was proceeding on constituted a fatal defect in the charging process. (Askeland, 166 Ill. App.3d at 79.) This court disagreed, noting that, pursuant to Tammen, the defendant was required to make a pretrial objection to the uniform traffic ticket in order to challenge the sufficiency of the charge. Askeland, 166 Ill. App.3d at 80; see also Peoplev. Sikes (1986), 141 Ill. App.3d 773, 777; People v.Domovich (1980), 91 Ill. App.3d 870, 873-74.
• 3 This court has gone on to hold that, since section 111-6 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 111-6) allows a defendant to request a bill of particulars to prepare a defense, the defendant's constitutional right to demand the nature and cause of the accusation, along with his statutory right to be informed of the nature and the elements of the offense with which he is charged, are fully protected; therefore "in this narrow class of traffic cases these rights must be exercised prior to trial." (Domovich, 91 Ill. App.3d at 873.) Where the defendant has failed to file a bill of particulars or challenge the sufficiency of the uniform traffic ticket, the traffic citation will be considered sufficient.Domovich, 91 Ill. App.3d at 874.
• 4 In the present case, defendant did not make a pretrial motion either to challenge the sufficiency of the uniform traffic ticket or to file a bill of particulars. In fact, defendant was apparently not aware of the discrepancy in the traffic ticket until the trial court mentioned it after both sides had presented their closing arguments. Defendant based his defense on the State's evidence and challenged whether the State had proved beyond a reasonable doubt that he was driving under the influence of alcohol. In making his closing argument, defendant never questioned whether the State was required to prove that he had a blood-alcohol level of 0.10 or more; therefore, defendant clearly understood that the offense charged against him was driving under the influence of alcohol, as set forth in section 11-501(a)(2) of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a)(2).) Thus, it is our opinion that the uniform traffic ticket was sufficient to inform defendant of *Page 982 
the nature and cause of the accusation, as section 111-3 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 111-3) requires. SeeAskeland, 166 Ill. App.3d at 81.
Defendant next contends that the trial court erred in finding him guilty under section 11-501(a) of the Vehicle Code. After viewing the uniform traffic ticket, the trial court was unclear on how to enter judgment. The trial court's oral pronouncement found defendant "guilty of a violation of Chapter 95 1/2, Section 11-501(a)." The court indicated that "[t]he finding also ought to reflect that the specific offense is driving under the influence of alcohol." In its judgment order, the trial court stated that defendant was guilty of "DUI ch. 95 1/2 sec. 11-501." In neither the report of proceedings nor the judgment order did the court determine which offense of the four offenses included under section 11-501(a) applied to defendant.
• 5 At the time of defendant's conviction, section 11-501(a) of the Vehicle Code stated:
 "§ 11-501. Driving while under the influence of alcohol, other drug, or combination thereof. (a) A person shall not drive or be in actual physical control of any vehicle within this State while:
 1. The alcohol concentration of such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11-501.2;
2. Under the influence of alcohol;
 3. Under the influence of any other drug or combination of drugs to a degree that renders such person incapable of safely driving; or
 4. Under the combined influence of alcohol and any other drug or drugs to a degree which renders such person incapable of safely driving. Ill. Rev. Stat. 1989, ch. 95 1/2, pars. 11-501(a)(1) through (a)(4).
The trial court relied upon Askeland when it found defendant guilty of violating section 11-501(a) of the Vehicle Code without actually specifying the subsection involved. As we previously stated, Askeland involved a defendant being charged on her traffic ticket with violating section 11-501(a) but instead was found guilty of driving under the influence of alcohol in violation of section 11-501(a)(2). Askeland, 166 Ill. App.3d at 78-79.
Although Askeland and the present case both involve defendants challenging uniform traffic tickets as being fatally insufficient for failing to state an offense, the trial court's determination of each defendant's guilt was different. InAskeland, the trial court found the defendant guilty of driving under the influence of alcohol in violation of *Page 983 
section 11-501(a)(2). However, in the present case, the trial court did not make a determination as to which subsection of section 11-501(a) defendant violated. This section states that "[a] person shall not drive or be in actual physical control of any vehicle within this State while." (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 11-501(a).) In finding defendant guilty of violating only this section, the trial court apparently determined that defendant was guilty of either all four subsections or none at all, because section 11-501(a) does not describe a particular offense. Instead, one of the four subsections must be added to the statement to derive a complete description of the offense.
• 6, 7 Under the constitution and statutes of this State (see Ill. Const. 1970, art. I, §§ 2, 7, 8; Ill. Rev. Stat. 1989, ch. 38, pars. 111-3, 113-1, 113-4), no one may be convicted of a crime which he has not been charged with having committed. (People v. Lewis (1980), 83 Ill.2d 296, 300;People v. Rivers (1990), 194 Ill. App.3d 193, 195.) A violation of due process also occurs when there is a conviction of a crime which does not exist. (People v. Kessinger (1985),133 Ill. App.3d 831, 833.) However, under section 2-9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 2-9), a defendant may be convicted of an "included offense" where it "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." Ill. Rev. Stat. 1989, ch. 38, par. 2-9(a).
• 8 Section 11-501(a)(1) of the Vehicle Code, which prescribes the offense of driving with a blood-alcohol content at or above 0.10, is a separate statutory offense from driving under the influence of alcohol, as stated in section 11-501(a)(2) of the Vehicle Code. (People v. Ziltz (1983), 98 Ill.2d 38, 43.) A defendant cannot be convicted of both driving under the influence of alcohol and driving with a blood-alcohol content of 0.10 or greater when both convictions would be based on the same physical act. (People v. Pena (1988), 170 Ill. App.3d 347, 350.) Furthermore, a defendant cannot be convicted of two driving under the influence charges where the offenses are based on the same physical act. See People v. King
(1977), 66 Ill.2d 551, cert. denied (1977), 434 U.S. 894, 54 L.Ed.2d 181, 98 S.Ct. 273; People v. Atwell (1984), 129 Ill. App.3d 724, 728.
In People v. Utt (1983), 122 Ill. App.3d 272, the State argued that section 11-501(a) essentially defined a single offense of "`driving under the influence.'" (Utt, 122 Ill. App.3d at 275.) The court rejected this argument and, relying upon Ziltz, held that driving under the influence of alcohol and driving with a blood-alcohol content of 0.10 were separate offenses. Utt, 122 Ill. App.3d at 275. *Page 984 
• 9 In the present case, defendant was found guilty of driving under the influence of alcohol, in violation of section 11-501(a) of the Vehicle Code. The court made no determination of which subsection of this section defendant violated. The trial court made this decision because it was concerned about the discrepancy in the uniform traffic ticket being used as the charging instrument. While the discrepancy in the uniform traffic ticket was not enough to make the ticket fatally insufficient to charge defendant, the discrepancy did cause the trial court to err in determining of which offense defendant was convicted.
As noted above, section 11-501(a) is not a single offense of driving under the influence of alcohol or some other drug. Instead, one of the four subsections must be specified before a person can be convicted of an offense. Also, a defendant may be convicted of only one of the four subsections when the offenses are based on the same physical act. See Pena, 170 Ill. App.3d at 350; Atwell, 129 Ill. App.3d at 728.
At best, the uniform traffic ticket charged defendant with violating both section 11-501(a)(1) and section 11-501(a)(2) of the Vehicle Code. The evidence presented at trial reveals that defendant was guilty of violating section 11-501(a)(2), driving under the influence of alcohol, and this should have been the offense of which he was convicted.
However, the trial court attempted to find defendant guilty of violating section 11-501(a) of the Vehicle Code, without specifying which subsection defendant actually violated. This had the effect of convicting defendant of either all of the offenses under section 11-501(a) or, alternatively, none of the offenses. This is the case because section 11-501(a) does not state an offense until it is combined with one of the four subsections.
Defendant's conviction cannot stand under either of the alternatives. Defendant cannot be convicted of violating all four subsections of section 11-501(a) because the offense at issue simply involved one physical act. Furthermore, defendant cannot be convicted of driving under the influence of alcohol without first being found guilty of one of the subsections, as section 11-501(a) does not, by itself, state an offense.
For these reasons, the decision of the circuit court of Kane County is reversed. In addition, we need not consider defendant's other appellate contention due to our resolution of this issue.
Reversed.
WOODWARD and UNVERZAGT, JJ., concur. *Page 985