THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY LAVALLIER, Defendant-Appellant.

Fifth District    No. 5—96—0540

Opinion filed August 10, 1998.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Joe Jackson, State's Attorney, of Metropolis (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Larry Lavallier, was convicted by a jury of two counts of aggravated driving under the influence of alcohol (aggravated driving) (625 ILCS 5/11—501(d)(1)(C), (d)(2) (West 1994)). Each conviction involved a separate victim. He was sentenced to concurrent terms of six years' imprisonment and to pay restitution for medical expenses of $55,818.97 to John Pruett and $15,093.70 to Kalisa Brewer. On appeal, defendant contends that (1) one of the convictions for aggravated driving should be vacated as there was only one act of driving, (2) the restitution order is not authorized by statute and, therefore, the restitution portion of the judgment order is void, and (3) the amendments to the Unified Code of Corrections (730 ILCS 5/3—6—3(a)(2)(ii) (West Supp. 1995)) are void because the amendments were part of an act by the General Assembly, Public Act 89—404 (Pub. Act 89—404, § 40, eff. August 20, 1995), which violated the single-subject rule of article IV, section 8(d), of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)).

█ Defendant first contends that as more than one offense may not be carved from the same physical act, one of the convictions must be vacated. See *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 851 (1977). He argues that his single act in this instance was driving the automobile which caused injury to Pruett and Brewer. The State has confessed error. This court is not bound by the State's confession of error. See *People v. Kelly*, 66 Ill. App. 2d 204, 209, 214 N.E.2d 290, 293 (1965). In the case at bar, two counts of aggravated driving arose because of separate injuries to two different people. Separate victims therefore require separate convictions and sentences. See *People v. Davis*, 105 Ill. App. 3d 129, 135, 434 N.E.2d 13, 17 (1982).

In *People v. Grover*, 93 Ill. App. 3d 877, 417 N.E.2d 1093 (1981), the defendant was convicted of reckless homicide and three counts of reckless conduct arising from an automobile collision. The majority of the panel members on the reviewing court rejected the defendant's argument that since the death and injuries resulted from his single act of driving, the reckless conduct conviction must be vacated. The court noted that a distinction existed between cases where multiple offenses were committed against single victims and those where single

acts were directed against multiple victims. In finding that the defendant was properly convicted of all four offenses, it noted that the reckless homicide offense and each of the three reckless conduct offenses required proof of facts that the others did not: that injury occurred to separate persons and their identity. *Grover*, 93 Ill. App. 3d at 882-83, 417 N.E.2d at 1098; see also *People v. Davis*, 105 Ill. App. 3d 129, 135, 434 N.E.2d 13, 17 (1982); *People v. Washington*, 53 Ill. App. 3d 36, 38-39, 368 N.E.2d 536, 538 (1977); *People v. Smith*, 86 Ill. App. 3d 575, 585, 408 N.E.2d 743, 751 (1980); *People v. Bigsby*, 52 Ill. App. 3d 277, 283, 367 N.E.2d 358, 363 (1977); *People v. Thomas*, 43 Ill. App. 3d 328, 330, 356 N.E.2d 1362, 1364 (1976).

The distinction between acts affecting only one victim and those affecting multiple victims was also noted in *People v. Butler*, 64 Ill. 2d 485, 487-89, 356 N.E.2d 330, 332 (1976). We conclude that defendant was properly convicted of two offenses of aggravated driving while under the influence of alcohol. See *People v. Mercado*, 119 Ill. App. 3d 461, 463, 456 N.E.2d 331, 333, (1983).

Defendant relies on *People v. Nelson*, 210 Ill. App. 3d 977, 569 N.E.2d 1197 (1991). Section 11—501(a)(1) of the Illinois Vehicle Code makes the offense of driving with a blood-alcohol level at or above 0.08 a separate statutory offense from driving under the influence of alcohol, as stated in section 11—501(a)(2) of the Illinois Vehicle Code. 625 ILCS 5/11—501(a)(1), (a)(2) (West Supp. 1997); see *Nelson*, 210 Ill. App. 3d at 983, 569 N.E.2d at 1201. The *Nelson* court held that a defendant cannot be convicted of two driving under the influence charges where the offenses are based on the same physical act. *Nelson*, 210 Ill. App. 3d at 983, 569 N.E.2d at 1201. *Nelson* is distinguishable from the case at bar as there were not multiple victims in *Nelson*.

In *People v. McHugh*, 121 Ill. App. 3d 825, 460 N.E.2d 18 (1984), the defendant was convicted of two counts of reckless homicide. This court vacated one count; however, in *McHugh*, there was only one victim.

This court is aware of our supreme court's opinion in *People v. Cole*, 172 Ill. 2d 85, 665 N.E.2d 1275 (1996), in which our supreme court construed the home invasion statute as providing for only one conviction based on one entry regardless of the number of occupants. *Cole*, 172 Ill. 2d at 102, 665 N.E.2d at 1283. Section 12—11 of the Criminal Code of 1961, the home invasion statute, speaks of a defendant's entry into, or presence in, a dwelling when the defendant knows or has reason to know "that one or more persons is present" and, further, of the defendant's use or threat of force while armed "upon any person or persons" in the dwelling, and of the defendant's intentional injury of "any person or persons" in the dwelling. 720

ILCS 5/12—11 (West 1996). No such reference to more than one victim occurs in the statute defining aggravated driving while under the influence of alcohol.

■ Defendant next contends that the portion of the judgment order requiring him to pay restitution is void because it does not state whether the restitution is to be paid in one lump sum or over a period of months. Section 5—5—6(f) of the Unified Code of Corrections provides, in pertinent part:

"Taking into consideration the ability of the defendant to pay, the court shall determine whether restitution shall be paid in a single payment or in installments ***." 730 ILCS 5/5—5—6(f) (West 1994).

The trial court's failure to define a specific payment schedule is understandable, given that defendant had yet to serve his term and there were questions about the regularity and amount of his future income. See *People v. Brooks*, 158 Ill. 2d 260, 272, 633 N.E.2d 692, 697 (1994). This court concludes that the portion of the judgment which required defendant to pay restitution was not void.

■ Finally, defendant contends that the truth-in-sentencing amendments to the Unified Code of Corrections are void because those amendments were part of Public Act 89—404 and that public act violates the single-subject rule of the Illinois Constitution. In sentencing defendant, the court said that under the amendments it was to state approximately how long defendant would be incarcerated. The court went on to state that defendant was eligible to receive day-for-day good-conduct credit and probably would serve three years' imprisonment. Section 3—6—3(a)(2)(ii) of the Unified Code of Corrections, which requires certain defendants to serve 85% of their sentences, provides:

"(2) The rules and regulations on early release shall provide, with respect to offenses committed on or after the effective date of this amendatory Act of 1995, the following:

***

(ii) that a prisoner serving a sentence for attempt to commit first[-]degree murder, solicitation of murder, solicitation of murder for hire, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, aggravated battery with a firearm, heinous battery, aggravated battery of a senior citizen, or aggravated battery of a child shall receive no more than 4.5 days of good[-]conduct credit for each month of his or her sentence of imprisonment ***." 730 ILCS 5/3—6—3(a)(2)(ii) (West Supp. 1995).

Aggravated driving is not listed under this section; therefore, defendant is not affected by the amendments as to the amount of time he is to serve in prison. The amount of good-conduct credit as it pertains to aggravated driving was not affected by the amendment. This court cannot conceive of any prejudice to defendant by the court's statement that defendant was eligible for day-for-day good-conduct credit and that it expected defendant to serve approximately three years' imprisonment. The opinions of *People v. Reedy*, 295 Ill. App. 3d 34, 692 N.E.2d 376 (1998), and *People v. Pitts*, 295 Ill. App. 3d 182, 691 N.E.2d 1174 (1998), which held that Public Act 89—404 was enacted in violation of the single-subject rule of the Illinois Constitution, have no bearing on this case.

Affirmed.

WELCH, P.J., and KUEHN, J., concur.