Docket No. 86207–Agenda 8–May 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.

 LARRY LAVALLIER, Appellant.

Opinion filed September 23, 1999.

JUSTICE MILLER delivered the opinion of the court: 

Following a jury trial in the circuit court of Massac County, defendant, Larry Lavallier, was found guilty of two counts of aggravated driving under the influence of alcohol (aggravated DUI). Defendant was sentenced to a term of six years’ imprisonment on each conviction. The terms were to be served concurrently. The appellate court affirmed. 298 Ill. App. 3d 648. We granted defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

BACKGROUND

The facts in this case are not in dispute and require only a brief recitation. On September 15, 1995, defendant was involved in a two-car accident at the intersection of North Avenue and Country Club Road in Massac County. The driver of the other vehicle, John Pruett, and his passenger, Kalisa Brewer, were severely injured in the accident. Defendant also was injured in the accident. Deputy McCord of the Massac County sheriff’s office arrived on the scene and found defendant pinned in his vehicle. Deputy McCord detected a very strong odor of alcohol on or about defendant. Defendant was removed from his vehicle and transported by ambulance to Massac Memorial Hospital. At the hospital, defendant was given a drug and alcohol screen. The screen revealed a blood-alcohol concentration of 0.213.

 A grand jury indicted defendant on four counts of aggravated DUI. Counts I and III of the indictment alleged that defendant, while knowingly under the influence of alcohol, operated a motor vehicle which resulted in an accident causing great bodily harm to Kalisa Brewer (count I) and John Pruett (count III). Counts II and IV of the indictment alleged that defendant knowingly drove a motor vehicle while the alcohol concentration in his blood or breath was 0.10 or more which resulted in an accident causing great bodily harm to Kalisa Brewer (count II) and John Pruett (count IV).

At the conclusion of the trial, the jury found defendant guilty of counts II and IV of the indictment. Following a sentencing hearing, the trial judge sentenced defendant to a term of six years’ imprisonment on each conviction. The terms were to be served concurrently. Defendant appealed.

On appeal, defendant argued that one of his two convictions for aggravated DUI should be vacated because he committed only one act of driving under the influence of alcohol. He alleged that two aggravated DUIs may not be carved from the same physical act of driving under the influence of alcohol. The appellate court rejected defendant’s argument. 298 Ill. App. 3d 648. The appellate court believed that the existence of separate victims may sustain separate convictions and sentences. 298 Ill. App. 3d at 649. 
Thus, the appellate court concluded that defendant properly was convicted of two offenses of aggravated DUI. 298 Ill. App. 3d at 650. We allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315(a).

DISCUSSION

Section 11–501 of the Illinois Vehicle Code provides, in pertinent part:

“(a) A person shall not drive *** any vehicle within this State while:

(1) the alcohol concentration in the person’s blood or breath is 0.10 or more ***;

(2) under the influence of alcohol;

* * *

(d)(1) Every person convicted of committing a violation of this Section shall be guilty of aggravated driving under the influence of alcohol *** if:

* * * 

(C) the person in committing a violation of paragraph (a) was involved in a motor vehicle accident that resulted in great bodily harm or permanent disability or disfigurement to another, when the violation was a proximate cause of the injuries[.]” 625 ILCS 5/11–501 (West 1994).

The issue in this appeal is whether defendant’s two convictions for aggravated DUI can stand when both stemmed from a single act of driving under the influence of alcohol. Defendant contends that the plain language of the statute prohibits multiple convictions for aggravated DUI. Defendant argues that the aggravated DUI statute is predicated upon the underlying misdemeanor offense of driving under the influence of alcohol, an act which he committed only once, and that the injuries to another were an aggravating factor that elevated that offense to aggravated DUI, a felony. Defendant argues that one of his convictions for aggravated DUI must therefore be vacated. In response, the State asserts that multiple convictions are justified when 
there is more than one victim.

The fundamental rule of statutory construction is to ascertain and give effect to the intention of the legislature. 
People v. Woodard
, 175 Ill. 2d 435, 443 (1997); 
Nottage v. Jeka
, 172 Ill. 2d 386, 392 (1996). Since the language used by the legislature is the best indication of legislative intent, courts look first to the words of the statute. 
Nottage
, 172 Ill. 2d at 392. When the language of a statute is plain and unambiguous, courts will not read in exceptions, limitations, or other conditions. 
People v. Daniels
, 172 Ill. 2d 154, 163 (1996). 
Moreover, criminal or penal statutes are to be strictly construed in favor of an accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. 
People v. Shinkle
, 128 Ill. 2d 480, 486 (1989).

As the language of section 11–501(d)(1)(C) makes clear, an enhanced penalty is available when a person commits some misdemeanor DUI, in violation of paragraph (a), and aggravating circumstances are present. In enacting section 11–501(d)(1)(C), the legislature defined specific aggravating factors that enhance misdemeanor DUI to a Class 4 felony. However, the essential and underlying criminal act remains the same: driving while under the influence of alcohol. See 
People v. Quigley
, 183 Ill. 2d 1, 10 (1998). It is the physical injury caused to another by one driving under the influence of alcohol that aggravates the underlying offense from a misdemeanor to a felony. See 
People v. Avery
, 277 Ill. App. 3d 824, 830 (1995). The offense is structured so that the penalty for the underlying offense, DUI, is enhanced in certain circumstances. Thus, we believe that the focus of section 11–501(d)(1)(C) is on punishing those who both drive under the influence of alcohol in violation of paragraph (a) and have an accident resulting in a motor vehicle accident with injuries to another, rather than on punishing the offender for each individual injured in the accident. Thus, we believe that the legislature, by enacting section 11–501(d)(1)(C), intended only to enhance the misdemeanor offense of driving under the influence of alcohol to a felony if that offense resulted in an accident causing great bodily harm or permanent disability or disfigurement to another, regardless of the number of individuals injured. The occurrence of great bodily harm or permanent disability or disfigurement to another aggravates the underlying DUI offense from a misdemeanor to a felony, but it does not constitute, in these circumstances, a separate offense for each person injured. We believe that, under the statutory scheme present here, the occurrence of injuries to more than one person other than the offender does not transform a single act of driving under the influence of alcohol into a separate felony for each additional person injured.

The State cites 
People v. Grover
, 93 Ill. App. 3d 877 (1981), in support of its argument. That case involved an auto accident in which one person was killed and three persons were injured. Defendant was charged with reckless homicide and three counts of reckless conduct. After a jury trial, defendant was convicted as charged, and sentenced to 18 months’ imprisonment for reckless homicide, and concurrent terms of 6 months’ imprisonment for the three reckless conduct charges. On appeal, defendant argued that his three convictions for reckless conduct should be vacated because they resulted from a single act of driving.

The 
Grover
 court 
rejected defendant’s argument. The court noted that section 12–5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12–5) states the offense of reckless conduct in terms of causing bodily harm to “an individual.” The court found a distinction between instances of multiple offenses committed against single victims and single acts directed against multiple victims. The court noted that reckless homicide and reckless conduct each require proof of a fact which the others do not, 
i.e.
, the fact of injury to separate and different individuals and the identity of such individuals. 
Grover
, 93 Ill. App. 3d at 883.

A person commits reckless conduct if that person causes bodily harm to or endangers the bodily safety of an individual by any means if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful.
 720 ILCS 5/12–5 (West 1994).

In contrast to the crime of reckless conduct, which is defined in terms of bodily injury or endangerment to an individual, the offense of aggravated DUI is defined in terms of driving while intoxicated and is aggravated by the occurrence of injury to another. While it is clear to us that a person may be punished for each individual injured as a result of reckless conduct, we believe that section 11–501(d)(1)(C) is intended to punish the act of driving under the influence of alcohol more severely when there is an accident involving great bodily harm or permanent disability or disfigurement to someone other than the offender, rather than to punish the offender separately for each individual injured in the accident.

For the reasons expressed above, we believe our interpretation of section 11–501(d)(1)(C) fully effectuates the underlying purpose of the legislation, to punish more severely those who are involved in a motor vehicle accident involving injuries to another when driving under the influence of alcohol was a proximate cause of those injuries. 
We believe that the legislature, if it had intended to impose the multiple convictions and sentences urged by the State, would have done so explicitly. Accordingly, we must vacate one of defendant’s convictions and sentences for aggravated DUI. We vacate here the conviction and sentence for count II.

CONCLUSION

For the foregoing reasons, defendant’s conviction and sentence for count II are vacated. Defendant’s conviction and sentence for count IV, however, are affirmed. 

Appellate court judgment affirmed in part

and vacated in part;

circuit court judgment affirmed in part

and vacated in part
.