No. 3--00--0755
_________________________________________________________________
 IN THE
 APPELLATE COURT OF ILLINOIS
 THIRD DISTRICT
 A.D., 2002

PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the Circuit
 ) Court of the 10th
 Plaintiff-Appellee, ) Judicial Circuit,
 ) Tazewell County,
 ) Illinois
 )
 v. ) No. 98--CF--280
 )
KEVIN BRAMAN, ) Honorable
 ) Brian Nemenoff,
 Defendant-Appellant. ) Judge Presiding
_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:
_______________________________________________________________

 Defendant, Kevin Braman, was charged by indictment with the Class 4
felony of aggravated driving under the influence of alcohol (DUI) (625 ILCS
5/11-501(a)(1)(West 1998)(Vehicle Code). In the indictment, it was alleged
that the defendant had two prior DUI violations. Thereafter, a jury found
him guilty of the offense tried; however, the fact of the defendant's two
prior DUI convictions was not submitted to the jury. At the sentencing
hearing, the State offered the defendant's two prior DUI violations into
evidence, which under section 501(d)(1)(A) of the Vehicle Code, enhanced
the offense from a Class A misdemeanor to a Class 4 felony (625 ILCS 5/11-
501(d)(1)(A)). The court then sentenced the defendant to two years of
probation and six months of work release.
 The defendant appeals, arguing that (1) his conviction for felony DUI
must be reduced to misdemeanor DUI because the State presented no evidence
to the jury that he had two prior DUI
violations, and (2) section 501(d)(1)(A) of the Code is unconstitutional
pursuant to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). We affirm.
 The indictment against the defendant alleged that on January 14,
1998, the defendant drove a vehicle while he had a blood alcohol
concentration of .08 or greater, and he had at least two prior DUI
violations. By alleging the defendant had at least two prior DUI
violations, the State placed the defendant on notice that, if convicted, he
was eligible to be sentenced as a Class 4 felon for the charged offense.
625 ILCS 5/11-501 (d)(1)(A)(West 1998).
 At trial, the State presented evidence to the jury that at
approximately 7:40 p.m. on January 14, 1998, an East Peoria police officer
was dispatched to the scene of a car accident involving a Honda and a Ford
Bronco. The officer testified that he observed the defendant sitting in
the driver's seat of the Bronco. When the officer approached the
defendant, he noticed that the defendant's eyes were red, his speech
slurred, and he smelled of alcohol.
 Further testimony at trial established that the defendant was
transported by ambulance to a nearby hospital. There, a nurse conducted
two blood draws on the defendant, one authorized by the officer and the
other for the defendant's medical evaluation. The draws yielded blood-
alcohol concentrations of .169 and .18 respectively.
 The driver of the Honda testified that he was driving on Meadows
Avenue in East Peoria at approximately 7:30 p.m. on January 14, 1998, when
a car traveling the opposite direction crossed over the center line and
collided with his car. The driver further testified that he was driving in
the correct lane and had his headlights on at the time.
 A passenger in the defendant's car testified that she and the
defendant had been drinking alcohol in a bar on January 14, 1998. At
approximately 7:30 p.m., they left the bar in the defendant's Bronco. The
defendant was driving. She next recalled awakening inside a police car at
the accident scene. She testified that she spoke to the defendant a few
days following the accident, and he explained that a car driving in the
opposite direction with its headlights off had crossed over the center line
and collided with his car.
 After the close of evidence and arguments, the trial court instructed
the jury that it needed to find the following propositions beyond a
reasonable doubt to sustain the charge of driving under the influence of
alcohol: (1) that the defendant drove a vehicle; and (2) that at the time
the defendant drove the vehicle, the alcohol concentration in his blood was
.08 per cent or greater. The jury returned a guilty verdict.
 At the sentencing hearing, the State offered defendant's two prior
DUI violations into evidence for the purpose of enhancing the offense from
a Class A misdemeanor to a Class 4 felony. The trial court then sentenced
defendant to two years probation and six months of work release. The
defendant appealed his conviction and sentence to this court.
 The defendant contends on appeal that his conviction for aggravated
DUI should be reduced from a felony to a misdemeanor. The defendant argues
that the State had to present evidence to the jury that he had two prior
DUI violations, and that the State failed to do so. He argues that the
fact that he had two prior DUI violations is an element of the charged
offense. Thus, he asks this court to reduce his conviction for aggravated
DUI to misdemeanor DUI and remand the cause for resentencing within the
range for a Class A misdemeanor.
 Section 11-501 of the Illinois Vehicle Code provides, in pertinent
part:
 "(a) A person shall not drive *** any vehicle within this State
 while:
 (1) the alcohol concentration in the person's blood or breath is 0.08
 or more ***;
 (2) under the influence of alcohol;
 * * *
 (d)(1) Every person convicted of committing a violation of this
 Section shall be guilty of aggravated driving under the influence of
 alcohol *** if:
 * * *
 (A) the person committed a violation of this Section, or a
 similar provision of a law of another state or a local ordinance when
 the cause of action is the same as or substantially similar to this
 Section, for the third or subsequent time[.]" 625 ILCS 5/11-501 (West
 1998).
 The present issue involves interpretation of the DUI statute. The
fundamental rule of statutory construction is to ascertain and give effect
to the intention of the legislature. People v. Woodard, 175 Ill. 2d 435,
443 (1997); Nottage v. Jeka, 172 Ill. 2d 386, 392 (1996). Since the
language used by the legislature is the best indication of legislative
intent, courts look first to the words of the statute. Nottage, 172 Ill. 2d
at 392. When the language of a statute is plain and unambiguous, courts
will not read in exceptions, limitations, or other conditions. People v.
Daniels, 172 Ill. 2d 154, 163 (1996). Moreover, criminal or penal statutes
are to be strictly construed in favor of an accused, and nothing should be
taken by intendment or implication beyond the obvious or literal meaning of
the statute. People v. Shinkle, 128 Ill. 2d 480, 486 (1989).
 We find this court's previous holding in People v. Lambert, 249 Ill.
App. 3d 726 (1993), to be dispositive. In Lambert, the defendant was
convicted of driving under the influence of alcohol and he appealed. He
argued that the indictment had failed to give him sufficient notice of the
People's intent to use his prior DUI convictions to establish that he had
committed a Class 4 felony. Lambert argued that the indictment was
defective because it did not set out the date or location for the prior DUI
offenses. This court held that the indictment was sufficient and affirmed
Lambert's conviction as a Class 4 felony. In rejecting Lambert's argument,
this court stated:

"* * * We note that the indictment's failure to list the location and dates
of the prior DUI offenses did not impair the defendant's preparation of his
defense since the elements of a Class 4 felony DUI are the same as a Class
A misdemeanor DUI. [Citations omitted.] Here, the prior offenses are not
elements of a DUI charge and are used solely for sentencing purposes after
the defendant is found guilty of DUI. As such, since the prior DUI
offenses were irrelevant to his trial preparation, the defendant cannot
claim he was prejudiced by the State's failure to include detailed
information in the indictment regarding the prior convictions." Lambert,
249 Ill. App. 3d at 728.

 As the language of section 11-501(d)(1)(A) makes clear, an enhanced
penalty is available when a person commits some misdemeanor DUI, in
violation of paragraph (a), and the aggravating circumstance of two prior
DUI convictions are present. People v. Lavallier, 187 Ill. 2d 464, 469
(1999).
 After careful review of the statute, we find that the aggravated DUI
terminology used in the DUI statute simply refers to an aggravated or
enhanced sentence for a third or subsequent DUI. Section 501(d)(1)(A) of
the Vehicle Code is clearly a recidivist sentencing statute for repeat DUI
offenders.
 Having found that section 501(d)(1)(A) is a sentence enhancing
provision, we must determine whether the fact of defendant's prior DUI
violations must be presented to the jury. In other words, is the
enhancement provision of section 501(d)(1)(A) of the Vehicle Code (625 ILCS
5/501(d)(1)(A)(West 1998)), under which the defendant was sentenced as a
Class 4 felon, unconstitutional under Apprendi, 530 U.S. at 490? We find
no constitutional violation.
 The issue presented in Apprendi was whether the due process clause of
the Fourteenth Amendment required that a factual determination authorizing
an increase in the maximum prison sentence for an offense must be made by a
jury on the basis of proof beyond a reasonable doubt. Apprendi, 120 S.Ct.
at 2351. The Apprendi court also stated that, "[o]ther than the fact of a
prior conviction, any fact that increases the penalty for a crime beyond
the prescribed statutory maximum must be submitted to a jury, and proved
beyond a reasonable doubt." Apprendi, 120 S. Ct. 2362-63. Apprendi is not
violated when a defendant is sentenced to an extended-term sentence based
upon prior convictions. People v. Dillard, 319 Ill. App. 3d 102 (2001).
Here, we find no constitutional violation.
 For the foregoing reasons, the judgment of the circuit court of
Tazewell County is affirmed.
 Affirmed.
 HOMER and SLATER, JJ., concur.