No. 3--06--0453

Filed April 23, 2008

# IN THE APPELLATE COURT OF ILLINOIS

## THIRD DISTRICT

## A.D., 2008

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Appeal from the Circuit Court for the 14th Judicial Circuit, Mercer County, Illinois |
| Plaintiff-Appellee, | ) ) | No. 05-CF-68 |
| v. | ) ) | |
| BRUCE L. FISH, | ) ) | Honorable James G. Conway, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

Defendant, Bruce L. Fish, was convicted of three counts of aggravated driving under the influence (625 ILCS 5/11-501 (West 2006)) (hereinafter DUI) and one count of driving while license revoked (625 ILCS 5/6-303 (West 2006)). At sentencing, the trial court merged the three counts of aggravated DUI into one count. Defendant was given an extended-term 10-year sentence on the aggravated DUI due to a prior conviction for reckless homicide (730 ILCS 5/5-5-3.2(b)(1) (West 2006)). Defendant appeals his sentence, arguing the trial court improperly invoked the same prior conviction in sentencing defendant to an extended term that had already been used to elevate the DUI from a misdemeanor to a felony. We affirm defendant's sentence.

1

FACTS

Defendant was charged, via amended information, with three counts of aggravated driving under the influence and one count of driving while license revoked stemming from a traffic stop that occurred on October 1, 2005. Count I alleged that defendant drove under the influence at a time when his driving privileges were suspended or revoked for a statutory summary suspension, a Class 4 felony (625 ILCS 5/11-501(c-1)(1) (West 2006)). Count II alleged that defendant drove under the influence at a time when his driving privileges were revoked for reckless homicide and had also previously been convicted for two prior DUIs in the 1980s, a Class 3 felony (625 ILCS 5/11-501 (c-1)(2) (West 2006)). Count III alleged that defendant drove under the influence while transporting people under the age of 16 while having previously been convicted for two DUIs in the 1980s, a Class 4 felony (625 ILCS 5/11-501(c-5)(5) (West 2006)). Count IV alleged that defendant drove upon a public road at a time when his driver's license was suspended or revoked for statutory summary suspension, a Class A misdemeanor (625 ILCS 5/6-303(a) (West 2006)).

Defendant proceeded to jury trial and was found guilty on all counts on February 23, 2006, with a sentencing hearing scheduled for April 10, 2006. At the sentencing hearing, the trial court merged the three convictions for aggravated DUI into one count, count II, the count with the most serious class of felony, a Class 3. In count II, the basis for the enhancement from a misdemeanor to a felony was defendant's prior convictions for reckless homicide from a 1998 crash. In that case, defendant was convicted of two counts of reckless homicide, stemming from a DUI accident where defendant crashed his car into another vehicle, killing two of the other vehicle's occupants. People

2

v. Fish, 316 Ill.App.3d 795, 797, 737 N.E.2d 694, 696 (2000).[1]  The State asked that defendant be sentenced as extended-term eligible, stating:

> "Bruce Fish received a sentence of two convictions of aggravated reckless homicide, Class Two felony, within ten years of this current offense that he faces today, so the defendant faces the possibility of extended term sentence on Count Two, of five to ten years of imprisonment."

After argument by defendant (some of which went to the "double enhancement" argument regarding the reckless homicide convictions), the trial court issued its ruling on sentencing:

> "Regards to the double enhancement I don't think there's any double enhancement here, it's going to be in Count One, aggravated driving a vehicle under the influence of alcohol, that's a Class Four, and the Count Three is a Class Four, those are both going to be merged into Count Two which is the Class Three felony offense.  In considering all the factors, considering the circumstances of the offense, your history, character, your character, the Court is of the opinion and it would be inconsistent with the ends of justice to place you on probation, I think imprisonment is necessary for the protection of the public."

The trial court then sentenced defendant to 10 years in prison on the extended-term Class 3 aggravated DUI (count II) and 364 days on the driving while license revoked, to be served concurrently.  Defendant now appeals.

---

[1]Our court, in the above case, reversed and remanded defendant's conviction for improper admonishments by the trial court regarding defendant's stipulated bench trial.  On remand defendant pled guilty to both counts of reckless homicide and was sentenced on March 21, 2001, by the trial court to concurrent sentences of 13 years in prison on both counts.

3

ANALYSIS

On appeal, defendant raises the sole contention that the trial court erred in finding his sentence on the aggravated DUI charge (count II) to be extended-term eligible. In support of this contention, defendant argues that since the basis for the upgrade on the DUI from misdemeanor to Class 3 felony was his prior convictions for reckless homicide, to use those same reckless homicide convictions, which arose from the same act, as a basis for an extended-term sentence would be an impermissible "double enhancement" and a violation of state law. The State counters that defendant was extended-term eligible because, since defendant had two convictions for reckless homicide, even though they resulted from the same act, one conviction could be used to upgrade the DUI from misdemeanor to felony and the other conviction could be used to make defendant eligible for extended-term sentencing. For the reasons that follow, we affirm.

The double enhancement rule is a rule of statutory construction, and thus, when deciding whether a trial court's sentence represented improper double enhancement, the standard of review is de novo. People v. Phelps, 211 Ill.2d 1, 12, 809 N.E.2d 1214, 1220 (2004).

The statute under which defendant was convicted of aggravated DUI states:

"A person who violates subsection (a) a third time, if the third violation occurs during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of subsection (a), Section 11-501.1, paragraph (b) of Section 11-401, or for reckless homicide as defined in Section 9-3 of the Criminal Code of 1961, is guilty of a Class 3 felony." 625 ILCS 5/11-501(c-1)(2) (West 2006).

The section of the statute under which defendant was given an extended-term sentence states:

4

"The following factors may be considered by the court as reasons to impose an extended term sentence under Section 5-8-2 upon any offender:

When a defendant is convicted of any felony, after having been previously convicted in Illinois or any other jurisdiction of the same or similar class felony or greater class felony, when such conviction has occurred within 10 years after the previous conviction, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts."

730 ILCS 5/5-5-3.2(b)(1) (West 2006).

The issue of double enhancement has been addressed before by Illinois courts. In People v. Hobbs, 86 Ill.2d 242, 427 N.E.2d 558 (1981), the defendant was convicted of a 1979 theft as a Class 4 felony. The 1979 theft had been enhanced from a misdemeanor to a felony because he had been convicted of a felony theft in October 1978. Hobbs, 86 Ill.2d at 244, 427 N.E.2d at 559. The trial court then used that same October 1978 theft, which had been used to enhance the 1979 misdemeanor theft into a felony, to impose an extended-term sentence on the 1979 theft. Hobbs, 86 Ill.2d at 244, 427 N.E.2d at 559. Our supreme court vacated the imposition of the extended-term sentence, holding that:

"An extended term would have been permissible here, if, for example, the value of the liquor taken in 1979 had exceeded $150 so as to make its taking a felony. But it did not, and its taking became a felony under section 16-1(e) solely by reason of the 1978 felony conviction. To again use that 1978 felony conviction to trigger the court's authority to impose an extended term pursuant to section 5-5-3.2(b) is, in our

5

judgment, incompatible with that section's requirement that the charges must be 'separately brought and tried and arise out of different series of acts.'" Hobbs, 86 Ill.2d at 245-46, 427 N.E.2d at 559-60.

In People v. Martin, 240 Ill.App.3d 260, 606 N.E.2d 1265 (1992), the defendant was convicted of prostitution and on appeal argued that her sentence was the product of improper double enhancement because the court used the same aggravating factor both to enhance the seriousness of the offense and to impose an extended-term sentence. Martin, 240 Ill.App.3d at 262, 606 N.E.2d at 1267. On review, our court noted that "[a]n extended-term sentence is proper in a case where a prior offense is used to enhance a misdemeanor to a felony where other prior offenses are available to provide a basis for an extended-term sentence." Martin, 240 Ill.App.3d at 262, 606 N.E.2d at 1267. In the case before it, our court found no improper double enhancement occurred because there were other prior felony offenses available for the trial court to use for imposing an extended-term sentence. Martin, 240 Ill.App.3d at 262, 606 N.E.2d at 1267.

More recently, the issue of double enhancement was again addressed by our supreme court in People v. Hicks, 164 Ill.2d 218, 647 N.E.2d 257 (1995). In Hicks, the defendant was charged in 1992 with misdemeanor retail theft, which was then upgraded to a Class 4 felony because he had a prior conviction for retail theft in 1984. The defendant was then sentenced to an extended-term sentence on the 1992 retail theft because he also had a 1985 felony retail theft conviction. Hicks, 164 Ill.2d at 221, 647 N.E.2d at 259. The supreme court found the situation before them different and distinguishable from that which was present in Hobbs, because in Hicks separate convictions were relied upon to enhance the classification of the defendant's conviction and to extend his term of imprisonment. Hicks, 164 Ill.2d at 226, 647 N.E.2d at 261. Since two different and separate

6

convictions were relied upon to enhance the classification of the defendant's offense and to increase the length of his prison term, the trial court did not err in imposing the extended-term sentence. Hicks, 164 Ill.2d at 228, 647 N.E.2d at 262. See also People v. Gonzalez, 151 Ill.2d 79, 600 N.E.2d 1189 (1992) (a case where the defendant was convicted in 1988 for unlawful use of a weapon by a felon, enhanced from a misdemeanor to a felony based on a 1979 felony robbery conviction, and was then sentenced to an extended term based on a 1980 felony aggravated battery conviction, our supreme court held that no improper double enhancement occurred because "no single factor" was used both to establish the elements of the defendant's crime and to sentence him to an extended term, but rather a separate, independent factor was used in each capacity (the 1979 robbery vs. the 1980 aggravated battery conviction)).

As a preliminary matter, defendant points in his brief to People v. Lavallier, 187 Ill.2d 464, 719 N.E.2d 658 (1999), where our supreme court held that a defendant who drove while intoxicated and injured multiple people could only be convicted of one count of aggravated DUI. However, the situation that presented itself in Lavallier with regard to the aggravated DUI statute is distinguishable from that which presents itself when the reckless homicide statute is involved. In Lavallier, the supreme court focused on the underlying intent and purpose of the DUI statute, finding that the behavior the statute was punishing was the act of driving under the influence and any deaths or injuries that resulted from the single act of driving under the influence constituted an aggravating factor that, while it would serve to enhance the offense from a misdemeanor to a felony, nevertheless did not allow the State to charge multiple counts of aggravated DUI for each injury or death. Lavallier, 187 Ill.2d at 469, 719 N.E.2d at 660-61. The thrust and purpose of the reckless homicide statute, on the other hand, is that it is a crime against an individual and the focus is on the death of

7

the victim or the result of the offender's act.  People v. Myers, 352 Ill.App.3d 684, 690, 816 N.E.2d 820, 825 (2004).  A defendant, whose single act of driving while intoxicated caused multiple deaths, can be charged and convicted of multiple counts of reckless homicide for each of those deaths because the injury occurred to separate persons.  See People v. Mercado, 119 Ill.App.3d 461, 463, 456 N.E.2d 331, 333 (1983).  Defendant was properly charged and convicted of the two counts of reckless homicide based on the two deaths resulting from his single act in the 1998 case.

We now turn to defendant's contention that improper double enhancement occurred.  It is clear from the case law that, where a prior felony is used to enhance a misdemeanor to a felony, and then that same prior felony is used to impose an extended-term sentence on the enhanced felony, the extended-term sentence is improper.  See Hobbs, 86 Ill.2d at 245-46, 427 N.E.2d at 559-60; Martin, 240 Ill.App.3d at 262, 606 N.E.2d at 1267.  It is also clear that when one crime is used to enhance a misdemeanor to a felony, and then a separate offense is used to impose an extended-term sentence, the extended-term sentence is proper and no improper double enhancement has occurred.  See Hicks, 164 Ill.2d at 226, 647 N.E.2d at 261.  In the instant case, however, the question remains of whether it is proper, in a situation where defendant's conduct involved two victims and resulted in two separate convictions, to use one of those convictions to enhance a misdemeanor to a felony and then to use the other conviction to impose an extended-term sentence.

Instructive to our analysis in the instant case is a review of the one-act, one-crime principle.  The Illinois Supreme Court once considered whether multiple convictions should result from a series of multiple acts under the "independent motivation" test articulated in People v. Stewart, 45 Ill.2d 310, 259 N.E.2d 24 (1970).  The Stewart court looked to determine whether the entire series of acts were part of the same transaction while considering the defendant's motivations.  Stewart, 45 Ill.2d

8

at 313, 259 N.E.2d at 26. In <u>People v. King</u>, 66 Ill.2d 551, 363 N.E.2d 838 (1977), however, the court rejected its previous "independent motivation" test in favor of the one-act, one-crime rule. The <u>King</u> court defined an "act" as "any overt or outward manifestation which will support a different offense." <u>King</u>, 66 Ill.2d at 566, 363 N.E.2d at 844-45. Thus, when more than one offense arises from incidental or closely related acts and are not lesser included offenses, separate convictions can be entered with concurrent sentences. <u>King</u>, 66 Ill.2d at 566, 363 N.E.2d at 845. This approach was revisited and affirmed by our supreme court in <u>People v. Crespo</u>, 203 Ill.2d 335, 788 N.E.2d 1117 (2001).

We believe that under the approach articulated in <u>King</u> and affirmed in <u>Crespo</u>, defendant's two convictions for reckless homicide constitute two separate offenses and that one of the convictions can be used for the enhancement from misdemeanor to felony and the other conviction can be used to impose an extended term sentence. The offense of reckless homicide focuses on the death of the victim resulting from the defendant's act. The reckless homicide conviction as to one victim was separate and apart from the reckless homicide conviction related to the other victim. See <u>Mercado</u>, 119 Ill.App.3d at 463, 456 N.E.2d at 333. Multiple crimes can arise out of a single course of conduct where separate individuals are the victims of the act. As such, defendant was charged with and convicted of two offenses. In the instant case defendant attempts to treat the two separate convictions as one because they both arose out of the same conduct. Under Illinois law defendant properly received two convictions and there is no justification for pretending there was only one. To accept the argument advanced by defendant would be to return to the "independent motivations" test of the pre-<u>King</u> era when considering enhanced classification and extended-term sentences. That we will not do. We are bound to follow supreme court precedent. <u>People v. Gersch</u>, 135 Ill.2d 384,

9

396, 553 N.E.2d 281, 286 (1990); People v. Moore, 301 Ill. App.3d 728, 732, 704 N.E.2d 80, 83 (1998).  We therefore find the trial court properly imposed an extended-term sentence on defendant.

The imposition of the extended-term sentence by the trial court was not in error.  Defendant's two convictions for reckless homicide, despite being the result of a single course of conduct by defendant, can be separated and one used to enhance the offense charged from a misdemeanor to a felony while the other is used to impose an extended-term sentence.  For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

HOLDRIDGE and WRIGHT, J. J. concurring.